David J. LYONS, commissioner of insurance for the State of Iowa and receiver for the Iowa Trust, Plaintiff,

v.

JEFFERSON BANK & TRUST,
Defendant.

Civ. A. No. 91–B–2245.

United States District Court,
D. Colorado.

June 10, 1992.

Edwin S. Kahn, Walter W. Garnsey, Jr., Kelly, Haglund, Garnsey & Kahn, Denver, Colo., Anuradha Vaitheswaran, Asst. Atty. Gen., Iowa Securities Bureau, Des Moines, Iowa, for plaintiff.

Philip E. Lowery, Marcella T. Clark, Lowery, Lamb & Lowery, P.C., William C. Waller, Jr., Denis H. Mark, Kevin D. Allen, Vinton, Waller, Slivka & Panasci, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant moves for additional findings of fact and a corresponding amendment of the judgment under Fed.R.Civ.P. 52(b). Additionally, defendant moves under Rule 59(a) for a new trial or rehearing of my findings of fact and conclusions of law, 793 F.Supp. 981. The issues are adequately briefed and oral argument will not materially aid their resolution. Because defendant's proposed additional findings of fact are either irrelevant to the ultimate decision or unsupported by the record, its Rule 52(b) motion is denied. Further, I find no factual or legal error in my findings of fact and conclusions of law and, therefore, defendant's Rule 59(a) motion is denied. *See, Lyons v. Jefferson Bank & Trust,* 793 F.Supp. 981 (D.Colo.1992).

As an initial matter, I note that the legal arguments and theories contained in defendant's post-trial motions were not raised before judgment entered. Similarly, defendant's proposed additional findings of fact go to these new theories and were not raised before judgment. Aside from conclusory statements that the expedited treatment of this case caused incomplete analysis of the factual and legal issues, defendant makes no showing at all why these issues are raised for the first time by way of post-trial motion. Indeed, both parties conceded the need to expedite resolution of this case and defendant never requested a continuance or in any other way objected to the accelerated pace in which this case was resolved. Defendant's motions are obviously filed by new counsel in a blatant attempt to belatedly inject new issues into the case at the district court level, hoping that these issues may be preserved for appeal. Despite this dispositive deficiency in defendant's motions, I will address the merits of the matters presented in the interest of a complete record.

I.

Fed.R.Civ.P. 52(b) provides that, upon motion within ten days of judgment, a

trial court may amend its findings of fact or make additional findings and may amend the judgment accordingly. The purpose of this motion is to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence. *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir.1986). A party may move under this rule even if the amended or additional findings would effectively reverse the judgment. *Id.* That is not to say, however, that a motion to amend should be employed to introduce new evidence that was available at the time of trial but was not proffered, to advance new theories, or to secure a rehearing on the merits. *Id.* "Blessed with the acuity of hindsight, [defendant] may now realize that it did not make its initial case as compelling as it might have, but it cannot charge the district court with responsibility for that failure through this Rule 52(b) motion." *Id.* at 1220. *See also,* 9 Wright & Miller, *Federal Practice and Procedure,* § 2582 (1971), ("A party who failed to prove his strongest case is not entitled to a second opportunity by moving to amend a finding of fact or conclusion of law").

■ Except for motions to amend based on newly discovered evidence (here defendant proffers no newly discovered evidence), the trial court is required only to amend its findings or make additional findings based on evidence contained in the record. To do otherwise would defeat the compelling interest in the finality of litigation. *Fontenot,* 791 F.2d at 1219. Moreover, a Rule 52(b) motion must raise questions of substance. Wright & Miller, *supra,* § 2582. Thus, a motion to amend should not be granted where the proposed additional findings of fact are not material to the district court's conclusions. *Elkins v. McGee,* 1987 WL 181520*1, 1987 U.S. Dist. LEXIS 12589*3 (D.Kan. Sept. 9, 1987).

■ Defendant proposes six new findings of fact. First, defendant contends that it invested $44.8 million in Wymer's scheme between December 13, 1989 and November 18, 1992. However, there is no persuasive or satisfying proof in the record to support this allegation. Defendant re-

lies on its Exhibit A–3, but that exhibit is wholly incredible. Based on the elaborate securities kiting scheme perpetrated by Wymer, it is impossible for me to determine from the record the amounts that defendant actually invested. Further, this finding is immaterial to my judgment imposing a constructive trust. *See, infra,* discussion of *Johnson v. Studholme.*

■ Second, defendant argues that from November 25, 1991 to December 12, 1991 it had no knowledge that Iowa Trust claimed any interest in the funds it received free from Refco Capital Corp. on November 25, 1991. Defendant introduced no evidence on this point at trial. Moreover, it is immaterial to my ultimate determination to impose a constructive trust. Under established Colorado law, a constructive trust may be imposed on an innocent donee who acted in good faith and had no knowledge that the funds it received were actually stolen from another. *In re Marriage of Allen,* 724 P.2d 651 (Colo.1986).

Third, defendant asserts that many others who were not parties to this lawsuit have claims to the funds at issue. However, defendant introduced no evidence on this point at trial and never moved to have any of these parties joined in the action. Nor did any potential third party move to intervene. Once again, this proposed finding is immaterial to my ultimate conclusion. The funds transferred to defendant were stolen from plaintiff. Equity demands that they be returned to the receiver of the Iowa Trust from whence they came.

Fourth, defendant contends that Iowa Trust learned of the SEC investigation of Wymer on December 6, 1991 and, at that time, Iowa Trust could have requested and received its funds from Wymer. This proposed finding simply misstates the evidence. Although Iowa Trust did learn of the SEC investigation, its funds were already gone. Wymer misappropriated the 1995 Notes on November 25, 1991 and, thus, plaintiff could not have received funds on December 6 that had already been taken.

Fifth, defendant asserts that had it not liquidated its account on December 11,

1991, the funds sought by plaintiff would have been frozen by the order of the California court. Thus, defendant argues, plaintiff would merely have a claim with all other persons defrauded by Wymer. Now defendant misunderstands the evidence. The California court merely froze all accounts managed by Wymer to preserve the status quo. On December 11, 1991, plaintiff's funds were held in a JBT custodial account at Shearson Lehman Brothers. Defendant does not explain how others defrauded by Wymer would have claim to funds held in a JBT account. Further, this proposed finding is immaterial to my ultimate conclusion because the freeze order would merely have changed the venue for litigating plaintiff's claim.

Finally, defendant contends that Wymer and the Iowa Trust had "a very close relationship." While one may quarrel with this vague characterization, this proposed finding is, again, wholly immaterial to my ultimate conclusion. Regardless of Wymer's relationship with the Iowa Trust, he had no authority to misappropriate the trust's treasury notes. Moreover, as a matter of equity, defendant would still have to return the funds to their rightful owner.

Not only are defendant's assertions untimely, but defendant has shown no manifest error of law or fact or that its proposed additional findings of fact are warranted. The Rule 52(b) motion is denied.

## II.

■ Rule 59(a)(2) provides that in any action tried without a jury the trial court may grant a new trial for any of the reasons for which rehearings have heretofore been granted in suits in equity. On such a motion, the court may open the judgment, take additional testimony, amend or make new findings of fact and conclusions of law, and direct entry of a new judgment. "A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." 11 Wright & Miller, *Federal Practice & Procedure*, § 2804 (1973). Further, "a new

trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result." Wright & Miller, *supra*, § 2805. The decision whether to grant a new trial is committed to the wide discretion of the district court. *McHargue v. Stokes Div. of Pennwalt Corp.*, 912 F.2d 394, 396 (10th Cir.1990).

■ Although defendant's motion is unclear, it seems to argue that its proposed additional findings of fact are necessary to correct manifest error. Defendant also seems to argue that these findings are necessary to support its new legal theories. Neither argument has merit.

Defendant has not shown how the failure to adopt its proposed findings is manifest error, and I perceive no such error. All six of its proposed findings are either unsupported by the record or immaterial to my ultimate legal conclusion and application of Colorado constructive trust law. Moreover, because defendant's new legal theories are without merit, it is not error to refuse to make these new findings. Therefore, to the extent that defendant's motion is directed to my findings of fact, it is denied.

■ Defendant next argues that there is manifest error in my conclusions of law because (1) the elements of unjust enrichment are not satisfied, (2) the application of a constructive trust is precluded in a ponzi scheme, (3) defendant is entitled to bona fide purchaser status, and (4) the "regulatory framework" precludes application of a constructive trust. As I noted above, defendant's failure to assert these arguments before trial precludes granting a new trial or rehearing. However, in an abundance of caution, I will consider each argument in turn.

■ First, defendant argues that plaintiff has not established the elements of unjust enrichment. However, defendant confuses this equitable doctrine with the equitable remedy of constructive trust. The two doctrines are distinct. Although *Allen* uses the phrase "unjust enrichment" in discussing application of the constructive

trust doctrine to that case, the court's use of that phrase cannot be construed as requiring proof of the formal elements of an unjust enrichment claim in a constructive trust action. *See, In re Marriage of Allen,* 724 P.2d at 660. Rather, the phrase is used in its colloquial sense to measure liability where the constructive trustee was also an innocent donee. *Id.*

█ Second, relying on *Johnson v. Studholme,* 619 F.Supp. 1347 (D.Colo. 1985), *aff'd,* 833 F.2d 908 (10th Cir.1987), defendant argues that a constructive trust can never be imposed where one innocent investor in a ponzi scheme receives funds traceable to another innocent investor. However, defendant misinterprets the factual basis on which that case was decided. *Johnson* involved a true ponzi scheme in which many investors put their money into a common fund, with the later investors' money used to pay fictitious returns to the earlier investors. Here, there was no evidence of such a common fund. Wymer did not "hold" any funds; he was merely an investment manager who bought and sold treasury notes for his clients' accounts. In contrast to the facts in *Johnson,* Wymer misappropriated outright Iowa Trust's treasury notes from *its custodial account* and then transferred the proceeds of the sale of those notes directly to defendant.

█ Moreover, even if the factual circumstances were similar, one court's balancing of the particular equities in a case is not binding or even necessarily persuasive to another court's balancing of the equities in the case before it. The facts in the case before me fit squarely within the constructive trust doctrine set out in *Allen.* Indeed, the equities would be clear to any child on a school playground. If A steals a toy from B and gives it to C, then C must give it back to B. This is true even though A also stole some other toy from C.

█ Third, defendant argues that it is a bona fide purchaser for value because it invested $44.8 million with Wymer. At trial, defendant argued it was entitled to bona fide purchaser status because it purchased $44 million face amount of 8.625% 1994 notes on November 18, 1991. That argu-

ment having failed as a matter of fact, defendant now asserts this new theory. However, this theory is without credible factual basis in the record. Further, defendant misconstrues what it must "purchase" to be a bona fide purchaser. Defendant could not prove at trial that it gave any value for the *specific* treasury notes that were sold on November 25, the proceeds of which were transferred to defendant. Indeed, defendant's president admitted he had no evidence that any of defendant's money was used to purchase treasury notes sold on November 25. Because there is no common fund here from which defendant in entitled to a return, it is simply immaterial to the bona fide purchaser question whether defendant in the past invested $44.8 million with Wymer.

Finally, defendant contends that the "regulatory framework" somehow precludes the application of a constructive trust in this case. Without any relevant authority, defendant argues that the fedwire system, the Uniform Commercial Code, and the rules and regulations of the SEC will be fatally undermined if I apply a constructive trust in this action. However, I conclude that this new legal theory is without merit and that my initial conclusion and application of the constructive trust doctrine remains sound.

Therefore, there is no manifest error of law or fact in my prior order. Moreover, defendant's proposed findings of fact and new legal arguments were not adequately presented before judgment. For both these reasons, defendant's Rule 59(a) motion for a new trial or rehearing is denied.

Accordingly, IT IS ORDERED THAT:

(1) Defendant's Rule 52(b) motion to alter or amend the findings of fact is DENIED; and,

(2) Defendant's Rule 59(a) motion for a new trial or rehearing is DENIED.