USCA1 Opinion

 

 United States Court of Appeals For the First Circuit ____________________ No. 96-1676 CARLOS YAMIL AYBAR, MARIA I. MORALES-LABOY, Plaintiffs, Appellants, v. DIGNA CRISPIN-REYES, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Stahl, Circuit Judge, _____________ Aldrich and Campbell, Senior Circuit Judges. _____________________ ____________________ Eduardo M. Joglar with whom Esther Crispin was on brief for __________________ _______________ appellants. John F. Navares with whom Lizzi M. Portela and Smith & Nevares _______________ _________________ ________________ were on brief for appellees. ____________________ June 26, 1997 ____________________ STAHL, Circuit Judge. This appeal concerns the STAHL, Circuit Judge. ______________ district court's dismissal of and subsequent refusal to reconsider plaintiffs-appellants' 42 U.S.C. 1983 claims against two law enforcement officials of the Commonwealth of Puerto Rico.  Background Background On March 25, 1993, appellees Sonia Otero-Martinez, Assistant District Attorney of the Commonwealth of Puerto Rico, and Diana Crispin-Reyes, a Commonwealth of Puerto Rico police officer, filed criminal charges against appellant Carlos Yamil Aybar for the commission of sexual misconduct, based on the allegations of a witness named Emily Rivera. On April 29, 1993, officer Crispin-Reyes visited Aybar's place of employment, Wometco of Puerto Rico, and informed Aybar's superiors of the charges against him. Wometco subsequently terminated Aybar's employment. According to Aybar, his termination resulted from Crispin-Reyes' visit to Wometco. On July 13, 1993, appellant Maria I. Morales-Laboy, Aybar's then girlfriend and future wife who also was a Wometco employee, resigned from her position at Wometco citing as the cause of her resignation harassment from co-workers concerning the charges against Aybar. On July 1, 1994, the district court of Puerto Rico dismissed all charges against Aybar. -2- 2 On July 1, 1994, Aybar and Morales-Laboy filed a complaint in federal district court naming numerous defendants and deriving from the prosecution of Aybar and his subsequent termination of employment. The complaint charged Otero-Martinez and Crispin-Reyes with violations of the Federal Civil Rights Act, 42 U.S.C. 1983, allegedly for malicious prosecution of Aybar, violation of Aybar's right not to be subject to defamation, and infringement of his right to secure employment. Morales-Laboy alleged a continuous tort and, with Aybar, injury to their conjugal relationship, both stemming from the alleged violations of Aybar's civil rights. Aybar and Morales-Laboy also named the Commonwealth of Puerto Rico, Pedro Rossello (the Governor of Puerto Rico), Pedro Pierluisi (the Attorney General of Puerto Rico), and Pedro Toledo (the Puerto Rico Superintendent of Police) as defendants both in their official and in their personal capacities. On August 9, 1994, Aybar and Morales- Laboy amended the complaint to increase the damages sought.  On September 13, 1994, the Commonwealth and Pierluisi (in his official capacity) filed a motion to dismiss the claims against them based on the immunity afforded by the Eleventh Amendment to the Constitution. On November 30, 1994, Rossello and Pierluisi, in his personal capacity, joined the motion to dismiss and filed a supplemental memorandum in support thereof. On February 7, -3- 3 1995, Toledo also joined the motion to dismiss. Neither Otero-Martinez nor Crispin-Reyes joined in the motion. Aybar and Morales-Laboy failed to respond to the motion.  On March 15, 1995, the district court for the district of Puerto Rico (Fuste, J.) entered a final judgment pursuant to Fed. R. Civ. P. 12(b)(6) dismissing appellants' complaint against all defendants, including Otero-Martinez and Crispin-Reyes. The district court determined that appellants' 1983 claim against all appellees for malicious prosecution did not state a claim for either a procedural or a substantive due process violation. The district court also found that although appellants' actions may have violated Aybar's Fourth Amendment rights, the applicable one year statute of limitations barred this claim. With respect to appellants' claimed violation of Aybar's right to secure employment, Judge Fuste ruled that Aybar, as an employee of a private corporation, did not possess a property interest protected by the Fourteenth Amendment. The district court also concluded that defamation alone "cannot be the basis for a claim under 42 U.S.C. 1983." The court further indicated that the Eleventh Amendment barred appellants' suit against Puerto Rico, Rossello, Pierluisi, and Toledo. Finally, the court held that appellants' claims against Otero-Martinez were barred because Otero-Martinez enjoyed absolute immunity as a state prosecutor prosecuting the state's case.  -4- 4 On March 31, 1995, appellants filed a motion for reconsideration of this judgment claiming, among other things, that the statute of limitations had tolled because he was a minor during the relevant period. On January 30, 1996, the district court denied the motion, again finding that the statute of limitations barred the malicious prosecution claim based on the alleged Fourth Amendment violation. Although the district court acknowledged that Aybar was a minor during much of the time preceding the filing of the complaint (a fact which normally would toll the running of the statute of limitations), the court concluded that Aybar's marriage "emancipated" him under Puerto Rico law, and thus precluded tolling. The district court upheld its earlier rulings for substantially the same reasons it previously had enunciated. Undaunted, the appellants then filed a motion, pursuant to Federal Rules of Civil Procedure 52(b) and 59(e), to amend and reconsider the district court's January 30, 1996 order.1 In this motion, appellants contended that Aybar was not married during the period between March 25, 1993 (the date of Aybar's arrest) and April 16, 1994 (the date of  ____________________ 1. Rule 52(b) states in pertinent part: "On a party's motion filed no later than 10 days after entry of judgment, the court may amend findings--or make additional findings-- and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Rule 59(e) dictates: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." -5- 5 Aybar's marriage to Morales-Laboy), and, therefore, that his minority status in fact did toll the statute of limitations until the latter date. On May 7, 1996, the district court denied this motion. Although Judge Fuste recognized that Aybar actually was not married during much of the time preceding the filing of the complaint, he found that Aybar represented to the court that in fact he was married during the relevant time by referring to Morales-Laboy as his wife and claiming injury to their conjugal relationship. After reminding the appellants of their duties to the court pursuant to Fed. R. Civ. P. 11, the district court concluded that the appellants had failed to demonstrate that it "erroneously assessed their averments." This appeal followed.2 Standard of Review Standard of Review Our standard of review of a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is well established. We accept all well-pleaded facts as true and we draw all reasonable inferences in favor of the appellants. See Washington Legal ___ ________________ Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st ______ _________________________ Cir. 1993). "Because a dismissal terminates an action at the earliest stages of litigation without a developed factual basis for decision, we must carefully balance the rule of  ____________________ 2. Aybar and Morales-Laboy do not appeal the district court's dismissal as to either the Commonwealth of Puerto Rico or Rossello, Pierluisi, and Toledo. -6- 6 simplified civil pleadings against our need for more than conclusory allegations." Id. As we previously have ___ explained, however, "once a motion to dismiss or a motion for summary judgment has been granted, the district court has substantial discretion in deciding whether to reopen the proceedings in order to allow the unsuccessful party to introduce new material or argue a new theory." Mackin v. ______ City of Boston, 969 F.2d 1273, 1279 (1st Cir. 1992). ________________ "Consequently, we will overturn the trial court's decision on such a matter only if an appellant can persuade us that the refusal to grant favorable reconsideration was a clear abuse of discretion." Id.; see Vasapolli v. Rostoff, 39 F.3d 27, ___ ___ _________ _______ 36 (1st Cir. 1994) (explaining that "[w]e review a trial court's motion to alter or amend a judgment for manifest abuse of discretion"); Fragoso v. Lopez, 991 F.2d 878, 886 _______ _____ (1st Cir. 1993) ("The trial court's decision on such a motion will be overturned only if the appellant convinces us that the court committed a clear abuse of discretion."). Discussion Discussion To determine the scope of this appeal, we first must resolve a threshold issue. Otero-Martinez and Crispin- Reyes argue that Aybar appealed only the district court's order of May 7, 1996, denying their second reconsideration motion. If true, then the only substantive issue for our resolution entails whether or not the district court abused -7- 7 its discretion in determining that Aybar's Fourth Amendment claim was barred due to the expiration of the statute of limitations. If, on the other hand, Aybar's notice of appeal pertained not only to the May 7th order, but also to the underlying judgment, then we must consider a number of issues in addition to Aybar's Fourth Amendment claim. "Under Fed. R. App. P. 4(a) timely motions under Rules . . . 52(b) and 59 suspend the finality of the original judgment, and the time for appeal from both that judgment and denial of the motions runs from the entry of the order denying the motions." Fiore v. Washington County _____ __________________ Community Mental Health Ctr., 960 F.2d 229, 234 (1st Cir. _____________________________ 1992); see Fed. R. App. P. 4(a)(4)(B) & (C). In this case, ___ appellants timely filed their first motion for reconsideration of the district court's initial March 15, 1995 order dismissing their claims.3 Subsequent to the district court's denial of appellants' motion on January 30, 1996, appellants filed a renewed motion for reconsideration  ____________________ 3. Although appellants did not label this a Rule 59(e) motion for reconsideration, "regardless of how it is characterized, a post-judgment motion made within ten days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)." Skagerberg v. State __________ _____ of Okla., 797 F.2d 881, 883 (10th Cir. 1986); see Acevedo- _________ ___ ________ Villalobos v. Hernandez, 22 F.3d 384, 390 (1st Cir. 1994). __________ _________ The motion was timely because Rule 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." See also ___ ____ Fed. R. Civ. P. 6(a).  -8- 8 on February 13, 1996. Following the district court's May 7, 1996 denial of the latter motion for reconsideration, appellants appealed to this court on May 16, 1996. The appellants thus followed the procedural guidelines to preserve their appeal of the May 7th order. See Mariani- ___ ________ Giron v. Acevedo-Ruiz, 945 F.2d 1, 2 n.3 (1st Cir. 1991). _____ ____________ The appellants, however, did not timely appeal the underlying judgment. Fed. R. App. P 4(a)(1) dictates that "the notice of appeal required by Rule 3 must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from." While an initial motion for reconsideration filed within ten days of the entry of the final judgment tolls the period in which a litigant must file a notice of appeal, see Fed. R. Civ. P. ___ 59(e); Fiore, 960 F.2d at 234; Feinstein v. Moses, 951 F.2d _____ _________ _____ 16, 18 (1st Cir. 1991), a subsequent motion for reconsideration served within ten days of the order denying the initial motion for reconsideration but more than ten days after the entry of the original judgment does not toll "the time for appealing from that judgment," Acevedo-Villalobos v. __________________ Hernandez, 22 F.2d 384, 389 (1st Cir. 1994); see Glinka v. _________ __________ Maytag Corp., 90 F.3d 72, 74 (2d Cir. 1996) ("Allowing _____________ subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote -9- 9 the finality of judgments."); Wright v. Preferred Research, ______ ____________________ Inc., 891 F.2d 886, 889 (11th Cir. 1990) ("Both the language ____ and purpose of Rule 4(a)(4) indicate that the time for appeal is postponed only by an original motion of the type ________ specified. I.e., a motion to reconsider an order disposing ____ of such a motion will not further postpone the time to appeal.") (quoting 9 Moore's Federal Practice 204.12[1]); Charles L.M. v. Northeast Indep. Sch. Dist., 884 F.2d 869, _____________ ____________________________ 870 (5th Cir. 1989) ("[T]he second motion was a successive motion for reconsideration, condemned by well-established authority in this and other circuits. . . . [T]he filing of the second motion did not toll the running of the thirty-day time for appeal . . . ."). In this case, the district court dismissed appellants' amended complaint on March 15, 1995. Appellants filed their initial motion for reconsideration on March 31, 1996, thus tolling Rule 4's thirty day appeal period. The district court denied appellants' motion for reconsideration on January 30, 1996. Because the appellants' second motion for reconsideration -- filed on February 13, 1996 -- was not filed within ten days of the initial judgment -- the thirty day appeal period of Rule 4 expired well before appellants filed their May 16, 1997 notice of appeal. We thus lack appellate jurisdiction to consider an appeal of the district court's March 15, 1995 dismissal of the appellants' -10- 10 complaint. See Glinka, 90 F.3d at 74; Hernandez, 22 F.3d at ___ ______ _________ 390; Wright, 891 F.2d at 889; Charles L.M., 884 F.2d at 870- ______ ____________ 71.4 Because this appeal "concerns only the Rule 59(e) denial,5 the question properly before us is whether the trial  ____________________ 4. The Charles L.M. court explained the difference between ____________ an initial motion for reconsideration and successive reconsideration motions as follows: "[W]here an appellant files a second motion to reconsider 'based upon substantially the same grounds as urged in the earlier motion,' the filing of the second motion does not interrupt the running of the time for appeal, and the appeal must be dismissed." 884 F.2d at 870 (quoting Ellis v. Richardson, 471 F.2d 720, 721 (5th _____ __________ Cir. 1973) (per curiam)); see Hernandez, 29 F.3d at 390. In ___ _________ the instant case, appellants' second motion for reconsideration returned to an issue raised unsuccessfully in the first motion for reconsideration, namely the running of the statute of limitations for a 1983 action in Puerto Rico. As the Charles L.M. court further explained, "there is ____________ no tolling where an order 'den[ies] timely postjudgment ________ motions under [rule 59] and leave[s] the original judgment in effect and unchanged.'" Id. (quoting Brown v. United Ins. ___ _____ ___________ Co., 807 F.2d 1239, 1242 (5th Cir. 1987) (per curiam)). In ___ this case, the district court's denial of the appellants' first motion for reconsideration did not alter its previous dismissal of their complaint because it reached the same conclusion. See Harrell v. Dixon Bay Transp. Co., 718 F.2d ___ _______ _____________________ 123, 128 n.4 (5th Cir. 1983) (indicating that original summary judgment was unchanged by amended judgment because both judgments denied all relief); 9 Moore's Federal Practice 204.12[1] (indicating that in order for second reconsideration motion again to toll appeal period, the trial court's disposition of the first motion "must result[] in a judgment which is substantively altered"). "The interest of finality requires that parties generally get only one bite at the rule 59(e) apple for purpose of tolling the time for bringing an appeal." Charles L.M., 884 F.2d at 871. ____________ 5. We note that appellants argue that they clearly intended to appeal the district court's underlying dismissal of their claims. See In re San Juan Dupont Plaza Hotel Fire ___ _____________________________________________ Litigation, 45 F.3d 564, 567 (1st Cir. 1995) (ruling that a __________ "mistake in designating a judgment in the notice of appeal will not ordinarily result in a loss of the appeal 'as long -11- 11 court abused its discretion in denying . . . [appellants' second] motion to vacate the judgment of dismissal." Acevedo-Ruiz, 945 F.2d at 3. In their second motion for ____________ reconsideration, appellants argued that the district court improperly ruled that their Fourth Amendment claim was time barred on the grounds that one year had elapsed from the time of Aybar's arrest and that Aybar's marriage to Morales-Laboy functioned to preclude application of the rule permitting the one year statute of limitations to be tolled for a minor plaintiff until the minor's twenty-first birthday.6 Appellants supplied the district court with evidence that they were not married until April 16, 1994, almost thirteen months after Aybar's arrest on March 25, 1993. Appellants insisted that the one year statute of limitations for their Fourth Amendment claim had not expired because Aybar was an  ____________________ as the intent to appeal from a specific judgment can be fairly inferred from the notice, and appellee is not misled by the mistake'" (quoting Kelly v. United States, 789 F.2d _____ _____________ 94, 93 n.3 (1st Cir. 1990))). We need not evaluate this assertion, however, in light of our determination that we lack appellate jurisdiction to consider an appeal of any decision other than the May 7, 1996 order in this case. 6. The applicable statute of limitations in this 1983 case is one year. See Muniz-Cabrero v. Ruiz, 23 F.3d 607, 610 ___ _____________ ____ (1st Cir. 1994). This one year period is tolled until a plaintiff's twenty-first birthday in the event that the plaintiff is a minor at the time the action is filed. See ___ P.R. Laws Ann. tit. 32, 254(1) (1991). If, however, a plaintiff marries while still a minor, the statute of limitations ceases to toll as of the date of the marriage. See P.R. Laws Ann. tit. 32, 932, 933 (1991); Martinez v. ___ ________ Estado Libre Asociado, 110 P.P.R. 877 (1981). _____________________ -12- 12 unemancipated minor during this time and, therefore, the statute of limitations was tolled until his twenty-first birthday on February 7, 1994. Appellants indicated that they filed their complaint on July 1, 1994, less than five months after Aybar turned twenty-one and thus more than seven months before the one year limitations period would expire, and argued, therefore, that their claim was not time barred. The district court concluded that the appellants made representations that led it to believe that they were married at the time of the alleged constitutional violations. Specifically, appellants "alleged damages to their conjugal partnership. . . . Morales alleged damages stemming from the alleged malicious prosecution of her husband." Moreover, according to the district court, appellants had several opportunities to clarify their pleadings, but failed to do so when they amended their complaint or when they failed to respond to the motion to dismiss. Consequently, the district court ruled that it "reasonably inferred that plaintiffs were married at the time of the alleged incidents." We consider the district court's decision in light of the law governing the disposition of a Rule 59(e) motion.  "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. The rule does not provide a vehicle for a party to undo its own -13- 13 procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ____ ______________ (citations omitted); see Vasapolli, 39 F.3d at 36-37; Hayes ___ _________ _____ v. Douglas Dynamics, Inc., 8 F.3d 88, 91 n.3 (1st Cir. 1993); ______________________ F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. ________ _________________ 1992); National Metal Finishing Co., Inc. v. ______________________________________________ BarclaysAmerican/Commercial, 899 F.2d 119, 123 (1st Cir. ___________________________ 1990). In this case, we do not question that appellants directed the district court to a "manifest error of fact" in their second reconsideration motion: Contrary to the district court's determination, appellants were not married during the period in question.  That the appellants illuminated an error of fact, however, does not necessitate that we reverse the district court's decision. "Except for motions to amend based on newly discovered evidence, the trial court is only required to amend its findings of fact based on evidence contained in the record. To do otherwise would defeat the compelling interest in the finality of litigation." Fontenot v. Mesa ________ ____ Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986); see Lyons _____________ ___ _____ v. Jefferson Bank & Trust, 793 F. Supp. 989, 991 (D. Colo. _______________________ 1992), aff'd in part, rev'd in part, 994 F.2d 716 (10th Cir. _____________________________ -14- 14 1993). In the instant case, as in Fontenot and Lyons, the ________ _____ district court  drew an eminently reasonable inference from the evidence in the record and relied on that inference in making its findings of fact. That other evidence not in the record may negate the  [d]istrict [c]ourt's inference is beside the point. Blessed with the acuity of hindsight, [appellants] . . . may now realize that . . . [they] did not make . . . [their] initial case as compelling as . . . [they] might have, but . . . [they] cannot charge the [d]istrict [c]ourt with responsibility for that failure through this Rule 52(b) motion.  Fontenot, 791 F.2d at 1220; see Vasapolli, 39 F.3d at 36-37 ________ ___ _________ ("Unlike the Emperor Nero, litigants cannot fiddle as Rome burns. A party who sits in silence[] [and] withholds potentially relevant information . . . does so at his peril."); Hayes, 8 F.3d at 91 n.3 (noting that "none of the _____ information presented [to the district court in support of plaintiff's motion for reconsideration] was new, nor was it unavailable when the summary judgment was filed"); World _____ Univ., 978 F.2d at 16 (indicating that there was no reason _____ why appellant could not have asserted its argument before the district court and appellant's argument did not present newly discovered evidence).7  ____________________ 7. We recognize that this case comes to us as having been dismissed pursuant to Rule 12(b)(6), rather than Rule 56, at which stage courts afford plaintiffs substantial latitude to develop their claims. See Acadia Motors, Inc. v. Ford Motor ___ ___________________ __________ Co., 44 F.3d 1050, 1059 (1st Cir. 1995). This fact, however, ___ does not persuade us that in this case the district court -15- 15 In this case, as in Fontenot, Vasapolli, Hayes, and ________ _________ _____ World Univ., the evidence that appellants submitted to ____________ support the argument they advanced for the first time in their second motion for reconsideration was neither new nor unavailable at the time the district court entered judgment on March 15, 1995. In their motion to dismiss, Rossello, Pierluisi, and Toledo argued that the one year statute of limitations period for appellants' Fourth Amendment claim had expired. The appellants chose not to defend against this motion, and thus did not reveal the fact that Aybar's minority status tolled the statute of limitations because he and Morales-Laboy were not married until April 1994.8  ____________________ abused its discretion. See Hernandez, 22 F.3d at 391 ___ _________ (upholding district court's denial of second Rule 59(e) motion seeking reconsideration of district court's dismissal pursuant to Rule 12(b)(6)); Figgie Int'l, Inc. v. Miller, 966 __________________ ______ F.2d 1178, 1180 (7th Cir 1992) (ruling, in context of district court's initial dismissal pursuant to Rule 12(b)(6), that "[b]ecause Figgie presented no competent evidence that was not previously available, the district court's [subsequent] decision denying Figgie's motion under the traditional standards governing Rule 59(e) did not constitute an abuse of discretion"). 8. At oral argument before this court, appellants indicated that Otero-Martinez and Crispin-Reyes did not join the motion to dismiss and explained that appellants did not oppose Rossello, Pierluisi, and Toledo's motion because they desired to drop these three defendants from the suit. It is interesting to note, however, that in their first Rule 59(e) motion, appellants petitioned the district court to reconsider not only its sua sponte ruling as to Otero- ___ ______ Martinez and Crispin-Reyes, but also its ruling as to Rossello, Pierluisi, and Toledo. Appellants' explanation for their failure to raise the evidence of their marital status before the district court rendered its judgment dismissing their claims thus is unpersuasive.  -16- 16 Appellants did not even mention Aybar's marital status in their first motion for reconsideration, in which they did assert that Aybar's minority status functioned to toll the statute of limitations.9 It was not until they filed their second Rule 59(e) motion that appellants informed the  ____________________ 9. Appellants, in fact, referred to each other as "husband" and "wife" in this first Rule 59(e) motion, asserting that Morales-Laboy "suffered not only her own humiliation as a wife but also suffered a sense of loss of pride, self esteem ____ [sic], loss of husband's income, as well as the day by day _________ suffering of her husband's own humiliation, physical and _________ mental anguish, depression and loss of reputation." (emphasis added). -17- 17 district court that they were not married during the time in question.10 In light of these circumstances, we find that the district court did not clearly abuse its discretion in denying appellants' second motion for reconsideration. See ___ Vasapolli, 39 F.3d at 27; Hernandez, 22 F.3d at 391; Hayes, 8 _________ _________ _____ F.3d at 91 n.3; Fragoso, 991 F.2d at 888; World University, _______ ________________ 978 F.2d at 16; Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, __________________ ______ 1180 (7th Cir. 1992); Fontenot, 791 F.2d at 1220. We thus ________ affirm the district court's decision to deny appellants' second motion for reconsideration.  ____________________ 10. Appellants contend that they had no cause to provide the evidence of their marital status prior to the district court's denial of their first Rule 59(e) motion because they had no reason to believe that the district court would determine that they were married during the period in question. Appellants assert that their pleadings merely indicated that they were married at the time they filed the complaint and that Morales-Laboy could claim injury to their conjugal partnership before their marriage because they lived as common law husband and wife and shared a community of goods at this time. See P.R. Laws Ann. tit. 31, 3622, ___ 3623, 3641(3) (1991); Caraballo Ramirez v. Acosta, 104 P.P.R. _________________ ______ 474, 481 (1975). We doubt that the authority appellants cite supports the conclusion that they constituted common law husband and wife during the period in question, and thus legitimately could claim injury to their conjugal partnership. We believe the district court, considering the pleadings in a light favorable to the appellants, see Acadia ___ ______ Motors, 44 F.3d at 1059, reasonably concluded that they were ______ married at the time of Aybar's arrest. We do not need to delve into this issue, however, because appellants' failure to adequately elucidate the relevant facts of the case either when they faced a motion to dismiss or when they filed their first Rule 59(e) motion relieves the district court of an obligation to correct its erroneous factual determination in this case. See Fontenot, 791 F.2d at 1220.  ___ ________ -18- 18 Costs to appellees.  Costs to appellees -19- 19