**Mark DUCKWORTH, Plaintiff,**

v.

**PRATT & WHITNEY, a DIVISION OF UNITED TECHNOLOGIES CORP., Defendant.**

**Civil No. 97–193–P–C.**

United States District Court,
D. Maine.

Sept. 26, 1997.

---

7. 33 U.S.C. § 1369 was amended in 1987 to include an express authorization of fees.

Peter L. Thompson, Law Offices of Ronald Coles, Kennebunk, ME, for Plaintiff.

Melinda J. Caterine, Moon, Moss, McGill & Bachelder, P.A., Portland, ME, for Defendant.

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

GENE CARTER, District Judge.

Plaintiff Mark Duckworth sues Defendant Pratt & Whitney claiming violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Maine's Family Medical Leave Requirements ("FMLR"), 26 M.R.S.A. § 843 *et seq.*, for Pratt & Whitney's failure to rehire him, allegedly because he took medical leave during past employment with Pratt & Whitney. The matter is presently before the Court for consideration of Pratt & Whitney's Motion to Dismiss (Docket No. 3). For the reasons stated below, the Court will grant Defendant's motion.

## I. STANDARD FOR DISMISSAL

In entertaining a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court accepts all the factual assertions set forth in the Second Amended Complaint as true and draws all reasonable inferences in favor of the Plaintiff.[1] *Aybar v. Crispin–Reyes,* 118 F.3d 10, 13 (1st Cir.1997). "Further, the Complaint should not be dismissed unless it appears beyond doubt that Plaintiff[ ] can prove no set of facts which would entitle

---

1. The Court granted the Plaintiff's Motion to Amend Complaint (Docket No. 6). However, even the additional allegations included in the Second Amended Complaint cannot save Plaintiff's claim from being dismissed.

[him] to relief." *Wyman v. Prime Discount Sec.*, 819 F.Supp. 79, 81 (D.Me.1993).

## II.  ALLEGED FACTS

The facts alleged in the Second Amended Complaint are as follows.  Defendant employed Plaintiff from 1980 until December of 1994, when he was laid-off.[2]  Second Amended Complaint (Docket No. 13) ¶ 7.  Plaintiff missed a total of fifty-two work days during 1994 as a result of injuries sustained in an accident.  *Id.* ¶ 8.  On or around January 6, 1995, one of Plaintiff's former supervisors completed an "Employment Termination Record" regarding Plaintiff's December 1994 lay-off and indicated under the heading of "Rehire Status" that Plaintiff's attendance was "poor".  *Id.* ¶¶ 10, 11.  Plaintiff attributes his "poor" attendance rating to the fifty-two days he was absent from work in 1994.  *Id.* ¶ 12.  Plaintiff subsequently applied for and was denied employment at Pratt & Whitney on October 17, 1996.  *Id.* ¶ 13.  Plaintiff asserts that Pratt & Whitney refused to rehire him because of his injury-related absences and the ensuing "poor" attendance rating.  *Id.* ¶ 14.

## III.  DISCUSSION

There are two Counts before the Court: Count I, which comprises the Plaintiff's FMLA claim, and Count II, which comprises the Plaintiff's FMLR claim.  The Court addresses them respectively.

█  In Count I, Plaintiff alleges that Pratt & Whitney's refusal to rehire him based on his 1994 absences and his resulting "poor" attendance rating is a violation of section 2615(a) of the FMLA.  Congress enacted the FMLA to "balance the demands of the workplace with the needs of families...."  29 U.S.C. § 2601(b)(1).  The FMLA seeks to facilitate this balance by entitling employees to take "reasonable leave for medical reasons...."  29 U.S.C. § 2601(b)(2).  The FMLA permits eligible employees to take a total of twelve workweeks of leave during any twelve-month period for several different reasons, including the birth or adoption of a son or daughter, a "serious health condition," or to care for a spouse, child, or parent with a "serious health condition."[3]  29 U.S.C. § 2612(a)(1).  Section 2615 is entitled "Prohibited Acts," and provides in part:

> (a)  Interference with rights
>
> > (1)  Exercise of rights
> >
> > It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

29 U.S.C. § 2615(a)(1).  Plaintiff asserts that section 2615's prohibition encompasses Pratt & Whitney's alleged conduct.  That is, he claims that refusal to hire an applicant for past use of FMLA leave is a form of interfering with or restraining rights under the FMLA. (Docket No. 5 at 4).  Plaintiff argues that the language of section 2615(a)(1) does not limit the protection against interference or restraint to *employees*, but instead prohibits "any employer" from interfering with or restraining the rights provided under the FMLA, regardless of the employment status of their holder.  To bolster his interpretation of the statute, Plaintiff relies on the regulations promulgated by the Department of Labor ("DOL"), which provide in part:

> ... An employer is prohibited from discriminating against employees or *prospective* employees who have used FMLA leave....  [E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as *hiring*, promotions or disciplinary actions....

29 C.F.R. § 825.220(c) (emphasis added).

█  Although section 825.220 of the regulations appears to support Plaintiff's argu-

---

**2.**  Plaintiff's last accident-related absence was on September 22, 1994.  Plaintiff does not allege any relationship between his medical leave and his lay-off in December 1994. allege any relationship between his medical leave and his lay-off in December 1994.

**3.**  Pursuant to the facts alleged, the Court assumes for the purpose of this Motion that, at the time of his leave in 1994, Plaintiff was an "eligi-

ble employee" as defined in section 2611(2);  that he suffered from a "serious health condition" as defined in section 2611(11), and that Defendant was an "employer'" as defined in section 2611(4).  Second Amended Complaint (Docket No. 13) ¶¶ 5–9.  These assumptions permit the Court to further assume that Plaintiff's 1994 leave was authorized under FMLA, and it will subsequently be referred to as "FMLA leave."

ment, the FMLA's enforcement provision clearly indicates that the statute's protection does not extend to Plaintiff under these circumstances. Section 2617 governs the enforcement of the FMLA and states that "[a]ny employer who violates section 2615 of [the FMLA] shall be liable to any eligible employee affected...." 29 U.S.C. § 2617(a)(1). Employers may be liable for specified damages and "for such equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1)(A)–(B). This section then provides a right of action for employer violations of section 2615:

> An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer ... by *any one or more employees* for and in behalf of—
>
> (A) the employees; or
>
> (B) the employees and other employees similarly situated.

29 U.S.C. § 2617(a)(2) (emphasis added). The meaning of this provision is clear: a right of action to recover for violations of section 2615 under the FMLA exists only for employees.[4]

■ The regulations appear to indicate that Pratt & Whitney's behavior may fall within the realm of prohibited conduct despite the fact that the FMLA does not afford Plaintiff a right of action because he was not an employee at the time of the alleged violation.[5] In resolving this apparent conflict, the plain meaning of the statutory language is controlling. "If the intent of Congress is

clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). In ascertaining whether the statutory language is ambiguous, the Court is not obligated to defer to the agency's interpretation. *Strickland v. Comm'r Me. Dep't Human Serv.,* 48 F.3d 12, 16 (1st Cir.1995). The Court is satisfied that the FMLA's enforcement provisions, and the term "employee" in particular, are unambiguous.[6]

■ Plaintiff argues that the inclusion of "employment" as a form of equitable relief evinces an intent to extend the cause of action to job applicants. However, inclusion of "employment" as an equitable remedy does not alter the clear directive of section 2617 that only employees have a civil right of action to address FMLA violations. In determining the question of ambiguity, the Court "must look primarily to the plain meaning of the statute, drawing its essence from the 'particular statutory language at issue, as well as the language and design of the statute as a whole.'" *Strickland,* 48 F.3d at 16 (quoting *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291, 108 S.Ct. 1811, 1817, 100 L.Ed.2d 313 (1988)). Section 2617 speaks exclusively of employees; in fact, there is no mention of job applicants anywhere in the text of the FMLA. In light of the language of section 2617 and the FMLA as a whole, the Court is not persuaded that the term "employment" creates ambiguity about the meaning of the term "employee."[7]

---

4. Under section 2611(3) of the FMLA, "employee" is defined as it is in section 203(e) of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* which provides that "the term 'employee' means any individual employed by an employer."

5. Nor does it appear that the Secretary of Labor could have brought an action on behalf of Plaintiff. The FMLA does empower the Secretary to bring a civil action to recover the damages described in section 2617(a)(1)(A), but further instructs the Secretary to pay any damages recovered "to each employee affected." 29 U.S.C. § 2617(b)(2)–(3). Thus, it appears that actions brought by the Secretary are limited to those on behalf of employees.

6. In drafting the FMLA, Congress could have expressly included job applicants within the statute's coverage, as it did in the Americans with Disabilities Act of 1990. 42 U.S.C. § 12101 *et seq.* The Court should not contort its construction of the statute to find a meaning that Congress could have easily set forth and elected not to.

7. Indeed, further examination of the DOL regulations reveals that "employment" is among the forms of relief intended for employees. The DOL regulations, in addressing the FMLA's enforcement mechanisms, explain that "[w]hen appropriate, the *employee* may also obtain [in addition to damages] appropriate equitable relief, such as *employment,* reinstatement and promotion." 29

Plaintiff was not an employee at the time of the alleged discriminatory conduct, and, therefore, the Court will dismiss Count I of Plaintiff's Second Amended Complaint.

Count II of Plaintiff's Second Amended Complaint alleges a violation of Maine's Family Medical Leave Requirements, 26 M.R.S.A. § 843 *et seq.* This Court, having dismissed Plaintiff's federal claim, will dismiss without prejudice the remaining state-law-based claim. *Snowden v. Millinocket Regional Hosp.*, 727 F.Supp. 701, 710 (D.Me. 1990).

Accordingly, it is **ORDERED** that Count I of Plaintiff's Second Amended Complaint be, and it is hereby, **DISMISSED** with prejudice. It is further **ORDERED** that Count II of Plaintiff's Second Amended Complaint be, and it is hereby, **DISMISSED** without prejudice.

C.F.R. § 825.400 (emphasis added). The regulations are silent about the availability of a cause of action under the FMLA for job applicants. Thus, as contained in section 2617(a)(1)(B) of the FMLA, "employment" is a form of equitable relief available to employees in the cause of action authorized by section 2617(a)(2).