Palmer v. Smith                    CV-95-598-SD    03/02/98
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


B. Irene Palmer, et al.

      v.                           Civil No. 95-598-SD

David Smith, et al.


                         O R D E R


      This order addresses the issues raised by certain post-trial

motions.  The details and background of the case is fully set

forth in the court's order of December 15, 1997, familiarity of

the reader with which is here presumed (document no. 153).

1.  Plaintiffs' Motion for a New Trial, Document no. 152

      This motion to which the respective defendants objected

(document nos. 156, 157, 158)[1] implicitly denied by the issuance

of the order of December 15, 1997 (document no. 153).

Accordingly, only a few additional remarks are here warranted.

The thrust of the motion is that the jury answers to (such of)

the special verdicts which they answered were inconsistent and

that the jury erred in awarding different amounts of damages as

against each of the defendants.  Plaintiffs further complain of

_____

      [1]Document #156 is the objection of the defendant David
Smith.  Document #157 is the objection of the defendant Bruce
McCall.  Document #158 is the objection of the defendant Richard
Daigle.

the form of some of the special verdict questions.

A motion for a new trial is addressed to the discretion of the court and will not granted unless the verdict was so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice. Cigna Fire Underwriters v. MacDonald & Johnson, 86 F.3d 1260, 1263 (1st Cir. 1996); Fernandez v. Corporacion Insular de Seguras, 79 F.3d 207, 211 (1st Cir. 1996); Federico v. Order of St. Benedict in Rhode Island, 64 F.3d 1, 5 (1st Cir. 1995); Lama v. Borras, 16 F.3d 473, 477 (1st Cir. 1994). And, unless the alleged error was fundamantal, a new trial will not be granted on grounds that were not called to the court's attention during the trial. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993); 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2805 at 57, 58 (2d ed. 1985). Moreover, where a claim of inconsistency in verdicts is raised, such claim must be presented before the jury is discharged. Kavanaugh v. Greenlee Tool Co., 944 F.2d 7, 11 (1st Cir. 1991).

Plaintiffs here fail to comply with these requirements, and accordingly as there is no manifest miscarriage of justice, the motion for new trial is denied.

2

## 2. Plaintiffs' Motion for Reconsideration, Document no. 163

This motion seeks reconsideration of the December 15, 1997 order (document no. 153). The defendants object (document nos. 165, 167, 168).[2]

Governed by Federal Rules of Civil Procedure Rule 59(e), a motion for reconsideration requires the movant to clearly establish a manifest error of law or fact or present newly-discovered evidence but it does not permit the introduction of new evidence or the advancement of arguments that could and should have been presented to the court prior to judgment. Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997); FDIC v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992).[3] Thus viewed, plaintiffs' motion fails to present any argument not raised previously, nor does it demonstrate the existence of a manifest error of law or fact. The motion is accordingly denied.

## 3. Conclusion

The court has reviewed the issues raised by plaintiffs' motion for new trial (document no. 152) and plaintiffs' motion for reconsideration of its order of December 15, 1997 (document

---

[2]Document 165 is the objection of defendant Daigle. Document 167 is the objection of defendant Smith. Document 168 is the objection of defendant McCall.

[3]Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than ten days after entry of the judgment.

3

no. 163).  Finding the motions to be without legal merit, the court has denied each of said motions.

SO ORDERED.

_____
Shane Devine
Senior Judge

March ___, 1998

cc:  James J. Bianco Jr., Esquire
     Roy A. Duddy, Esquire
     Carl L. Hess, Esquire
     Doreen F. Connor, Esquire