USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 97-2098

 WILLIAM K. TELL, ET AL.,

 Plaintiffs, Appellants,

 v.

 TRUSTEES OF DARTMOUTH COLLEGE,

 Defendant, Appellee.
 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Paul J. Barbadoro, U.S. District Judge]
 
 ____________________

 Before

 Torruella, Chief Judge,

 Boudin and Lynch, Circuit Judges.

 ____________________

 W. Wright Danenbarger with whom Thomas W. Aylesworth and
Wiggin & Nourie, P.A. were on brief for appellants.
 Sean M. Gorman, Associate College Counsel, Dartmouth College,
for appellee. 

 
 
 May 29, 1998
 
 
 
 
 
 BOUDIN, Circuit Judge. This suit was brought in the
federal district court by William Tell and six other alumni of
Dartmouth College against the Trustees of Dartmouth College (the
corporate name of Dartmouth College). Appellants claimed to
represent Dartmouth's alumni as a class and challenged certain
changes in the arrangements for the election of trustees. The
district court dismissed the case for lack of an indispensable
party, and this appeal followed. 
 Because the district court did not reach the merits, a
condensed version of the dispute will suffice. Under an 1891
understanding between Dartmouth and its alumni--which appellants
claim to have been a contract--the alumni effectively choose a
certain number of the trustees; the Dartmouth College Alumni
Association, an unincorporated association comprising all Dartmouth
alumni, conducts an election if there is any contest among
nominees. Prior to 1990, this process was used to fill both a
trustee's initial term and any subsequent terms.
 In or about 1990, Dartmouth's Board of Trustees and the
Alumni Association modified this arrangement in one respect: it
was agreed that the Board of Trustees would have the power to
reseat a trustee, originally chosen by the alumni, for an
additional term without obtaining the alumni's further approval. 
The Alumni Association amended its constitution in September 1990
to reflect this change. Some of the alumni, of whom the appellants
are examples, fiercely oppose the change as a surrender of the
alumni's power.
 Appellants brought suit in state court, arguing that the
change in the Alumni Association's constitution was unlawful. The
case was dismissed, and the appeal was declined by the New
Hampshire Supreme Court. Appellants then brought the present suit
against the Trustees in federal district court. The suit alleges
that the Board of Trustees violated its fiduciary duties and its
contractual obligations under the 1891 agreement by modifying
alumni rights as to the election of trustees. There were
additional claims of breach of fiduciary duty largely ancillary to
the main challenge.
 On motion by the Board of Trustees, the district court 
dismissed the case, without prejudice, under Fed. R. Civ. P. 19. 
It held that the Alumni Association was a necessary party under
Rule 19(a); that it could not be joined without undermining
diversity (the original basis for federal jurisdiction); and that
without the Alumni Association, the action could not proceed "in
equity and good conscience . . . among the parties before [the
court]" and should therefore be dismissed, "the absent person being
thus regarded as indispensable." Fed. R. Civ. P. 19(b).
 There is apparently some difference among the circuits
as to standard of review of decisions as to necessary joinder under
Rule 19(a). Compare, e.g., Keweenaw Bay Indian Community v.
Michigan, 11 F.3d 1341, 1346 (6th Cir. 1993), with Hellebust v.
Brownback, 42 F.3d 1331, 1335 (10th Cir. 1994). Normally, abstract
issues of law are reviewed de novo, and judicial findings of fact 
for clear error. See Sacramona v. Bridgestone/Firestone, Inc., 106
F.3d 444, 446 (1st Cir. 1997). The dispute, if any, is usually
about the extent to which the reviewing court should defer to the
district judge's application of a general standard ("prejudice,"
"equity") to specific facts. Strictly speaking, this is an issue
of law, but one where the appeals courts often give the trial judge
latitude, but not always. See, e.g., Ornelas v. United States,
517 U.S. 690, 699-700 (1996).
 If it mattered, this panel would be inclined to apply an
abuse of discretion standard to such application-of-law decisions
under Rule 19(a). See Travelers Indem. Co. v. Dingwell, 884 F.2d
629, 635 (1st Cir. 1989) (applying this standard in the Rule 19(b)
context). However, the outcome would be the same even if we
decided the application issues afresh. The district court has
lucidly explained why the Alumni Association is an indispensable
party, and we affirm primarily on the basis of the district court's
decision, adding these further comments to address specific points
raised by appellants.
 First, appellants say that the Alumni Association has
been silent and therefore cannot be a person who "claims an
interest relating to the subject of the action and is so situated
that the disposition of the action in the person's absence" may
have the prejudicial effect described in Rule 19(a). But "claims
an interest" in this context means nothing more than appears to
have such an interest. The situation would be different if the
allegedly necessary party disclaimed an interest. See Northrop
Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1044 (9th Cir.),
cert. denied, 464 U.S. 849 (1983).
 Appellants next say that the Alumni Association was not
a "party" to the 1891 understanding and is therefore unaffected by
a determination as to rights under the alleged contract. The
district court said that the Alumni Association was a party to the
1891 understanding, but we need not resolve the issue. It is
enough that the Alumni Association has long administered contested
elections under the 1891 understanding, has changed its
constitution to conform to the 1990 modification, and would
assuredly have to alter its conduct and its constitution if
appellants showed that the modification was unlawful.
 Appellants next urge that even if the Alumni Association
does have an interest in the case, its interest is adequately
represented by the Board of Trustees. If an absent party's
interests are the same as those of an existing party, and the
existing party will adequately protect those interests, this bears
on whether the absent party's interest will be impaired by its
absence from the litigation. See Pujol v. Shearson/American
Express, Inc., 877 F.2d 132, 135 (1st Cir. 1989). But without a
perfect identify of interests, a court must be very cautious in
concluding that a litigant will serve as a proxy for an absent
party. See 4 R.D. Freer, Moore's Federal Practice 19.03[3][f],
at 19-56 to 19-57 (3d ed. 1998).
 In this instance, the interests of the Alumni Association
and the Board of Trustees were not shown to be precisely the same;
indeed, an obvious potential exists for conflict about the binding
effect of the 1891 understanding, even if the Alumni Association is
content with the result in this case. Further, appellants have
expressly claimed that the Board of Trustees has dominated and
manipulated the Alumni Association in order to enhance the Board of
Trustees' power vis-a-vis the Alumni Association, making a claim of
identity of interests even less plausible.
 Appellants separately challenge the finding that the
Alumni Association is "indispensable" or, in terms now used in the
rule, "whether in equity and good conscience the action should
proceed among the parties before [the court] or should be dismissed
. . . ." Fed. R. Civ. P. 19(b). Appellants say inter alia that
the district court failed to weigh "whether the plaintiff will have
an adequate remedy if the action is dismissed for nonjoinder." Id. 
But the district court explicitly took note of the fact that
appellants had a state court forum--indeed, had already availed
themselves of it, at least as to certain of their claims--where
lack of diversity is irrelevant.
 After the district court granted the motion to dismiss,
appellants moved for reconsideration, urging that the indispensable
party problem could be remedied by resort to the supplemental
jurisdiction statute. 28 U.S.C. 1367. The district court said
that the argument had been waived because it came too late but also
said that the supplemental jurisdiction statute would not remedy
the problem. We review the refusal of the district court to
reconsider under an abuse of discretion standard. See Aybar v.
Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1997), cert. denied, 118
S. Ct. 857 (1998).
 It is questionable whether the supplemental jurisdiction
statute would apply in this case, see 28 U.S.C. 1367(b) (limiting
supplemental jurisdiction in certain Rule 19 situations), but we
need not resolve the matter. This alternative argument should have
been proffered to the district court in response to the Board of
Trustees' motion to dismiss for a lack of an indispensable party. 
Failure to do so waived the argument, see Clauson v. Smith, 823
F.2d 660, 666 (1st Cir. 1987), and the district court was not
obliged to consider it on reconsideration.
 Affirmed.