**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2353

NELLIE FRANCIS,

Plaintiff, Appellant,

v.

PROVIDENCE SCHOOL BOARD,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Nellie Francis on brief pro se.
Sara A. Rapport, Senior Assistant City Solicitor, City of Providence, on brief for appellee.

September 7, 2006

**Per Curiam**.     Pro se appellant Nellie S. Francis appeals from the district court's judgment granting summary judgment to her former employer, appellee Providence School Board, in her action claiming violations of the Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq., and related violations of state law. Francis also appeals from the denial of her motion for reconsideration.  The essence of her complaint is the School Board's alleged failure to make reasonable accommodations for her disabilities.  After careful review of the record and indulging every inference in Francis's favor as the non-moving party, Rathbun v. Autozone, Inc., 361 F.3d 62, 66 (1st Cir. 2004), we affirm the judgment of the district court essentially for the reasons outlined in the district court's Memorandum and Order of September 1, 2005, and we affirm the court's denial of the motion to reconsider.  We add only the following.

In order to be entitled to a reasonable accommodation, as a threshold matter Francis must show that she is "disabled," that is, that she has a physical or mental impairment that substantially limits a major life activity.  42 U.S.C. § 12102(2)(A); Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 197 (2002).  This she has not done.  It is not enough merely to submit a medical diagnosis of an impairment; Francis must show that a major life activity of central importance to her daily life is substantially limited by her impairment, and she must show that the impairment's

impact is permanent or long term. Toyota Motor, 534 U.S. at 196; Sullivan v. Neiman Marcus Group, Inc., 358 F.3d 110, 114 (1st Cir. 2004); Carroll v. Xerox Corp., 294 F.3d 231, 238 (1st Cir. 2002). The record is silent on each of these fundamental questions.

Francis claims that her cervical spine and neck injuries interfere with bending and stooping, sitting or standing for prolonged periods of time, and lifting more than 10 lbs. While we may assume the latter activities may, in some circumstances and upon a proper showing, relate to a major life activity, see, e.g., Gillen v. Fallon Ambulance Service, Inc., 283 F.3d 11, 21 (1st Cir. 2002) (lifting), in order to survive summary judgment, it is not enough simply to assert the limitation; "[a] plaintiff must proffer evidence from which a reasonable inference can be drawn that [a major life] activity is substantially or materially limited." Id. at 24 (quoting Snow v. Ridgeview Medical Center, 128 F.3d 1201, 1207 (8th Cir. 1997)). In addition, "[t]he evidence needed to establish the limiting qualities of a particular impairment must always be unique to that impairment and to the individual involved." Id. (citing Sutton v. United Airlines, Inc., 527 U.S. 471, 483 (1999)). Francis offered no evidence showing that her impairment substantially or materially limits an activity of major importance in *her* own daily life. Cf. Toyota Motor, 534 U.S. at 198, 202 (respondent whose medical condition required her to avoid sweeping, quit dancing, occasionally seek help dressing, reduce how

often she plays with her children, gardens, and drives long distances, did not meet her burden of showing she was disabled; she could still brush her teeth, wash her face, bathe, tend to her flower garden, fix breakfast, do laundry, and pick up around the house).

Moreover, the School Board accommodated most of Francis's requests[1] -- including assigning her a parking space near the entrance, providing a locked drawer for storing her teaching materials, and providing a custodian to assist in lifting heavy objects -- except her request to start work 30 minutes late every day and to have a full-time teacher's aide assigned to her. It is not entirely clear from the record whether Francis sought the late start solely in order to avoid being in the halls at the busiest time of the day for fear that she might be pushed or shoved by milling students, or whether she also believed that she lacked the strength to work a full 6½ hour day. Regardless of the reason, however, the School Board explained that it could not grant these requests because to do so would substantially alter the essential functions of Francis's teaching job, which included covering first period home room each morning. Francis does not dispute the School Board's explanation for its actions. Indeed, she asserts that she was able to and did, in fact, perform all of her teaching duties

---

[1] The School Board also explained that it was entirely within Francis's discretion whether to sit or stand while teaching.

during the final months she worked, without either a full-time teacher's aide or a late start to the day.  This admission further undermines her disability claim.

In view of the above and for further reasons discussed by the district court, we are satisfied that Francis did not establish a viable claim for violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA").  Nor is it suggested that state law would afford redress not otherwise available under the ADA.  The entry of summary judgment was correct.

We also find no abuse of discretion in the denial of the motion to reconsider.  Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002); Aybar v. Crispin-Reyes, 118 F.3d 10, 13 (1st Cir. 1987), cert. denied, 522 U.S. 1078 (1988).

The judgment of the district court is affirmed.