**José Gueits COLÓN, Plaintiff,**

v.

**Luis FRATICELLI, Defendant.**

**No. Civ.00–1766(HL).**

United States District Court,
D. Puerto Rico.

Jan. 8, 2002.

Mauricio Hernandez–Arroyo, Law Offices of Athos Vega, Jr. & Assoc., Ponce, PR, for Jose R. Gueits–Colon.

Luis F. Del–Valle–Emmanuelli, Garcia & Fernandez, San Juan, PR, Eileen Landron–Guardiola, San Juan, PR, Eduardo A. Vera–Ramirez, Landron & Vera, LLP, San Juan, PR, Jose R. Cintron–Rodriguez, San Juan, PR, for Ferdinand De–Jesus.

Laura Belendez–Ferrero, Arlington, VA, Jose R. Cintron–Rodriguez, San Juan, PR, for Luis Fraticeli–Viera.

Laura Belendez–Ferrero, Arlington, VA, for Rentas Leandry, Rene Irizarry.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court are two motions for consideration by Plaintiff José Gueits Colón ("Gueits"). Gueits moves the Court to reconsider (1) its order of November 15, 2001 (docket no. 90), denying his motion for summary judgment as to the counterclaims of Defendant Ferdinand De Jesús ("Ferdinand") and (2) its order of December 12, 2001 (docket no. 99) granting Ferdinand's motion for summary judgment as to Gueits' claims against him.

### 1. Reconsideration of the order denying Gueits' motion for summary judgment

Gueits moved for summary judgment, in part, on the grounds that Ferdinand did not raise his counterclaim in his original answer. When Gueits amended his complaint, Ferdinand filed an amended answer which did include the counterclaim. In its order of November 15, 2001, the Court denied Gueits' waiver argument because it was not properly developed or supported in his motion. In his motion for reconsideration, Gueits attempts to rectify this shortcoming in his original motion.

■ The Court finds' Gueits' attempt to be unavailing for two reasons. First, in an order entered July 12, 2001, the Court granted a final extension until September 25, 2001, for the filing of dispositive motions. Docket no. 58. Thus, Gueits' request to have the Court consider this issue is more than two months too late.

■ Second, Gueits again fails to properly develop his argument. In its order of November 15, 2001, the Court stated that the key issue was whether a counterclaim which was raised for the first time in an answer to an amended complaint should be

considered waived. *See* docket no. 90, at 6. In his motion for reconsideration, Gueits completely fails to address this issue. His "argument" on this matter—to the extent that he makes one—consists of a citation to a First Circuit case that did *not* address the discrete issue present in the case currently before this Court. *See Talley v. U.S.*, 990 F.2d 695 (1st Cir.1993). Moreover, this First Circuit case held that the defendant *should* be allowed to assert a counterclaim that it raised eighteen months after it had filed an answer. *Id.* at 701. If anything, the case he cites to actually supports the Court's ruling to allow Ferdinand to proceed with his counterclaim. Accordingly, Gueits' motion for reconsideration of the Court's November 15, 2001, order is denied.[1]

### 2. *Reconsideration of the order granting Ferdinand's motion for summary judgment*

■ Gueits also moves for a reconsideration of the Court's order of December 12, 2001, granting Ferdinand's motion for summary judgment. A motion for reconsideration of an order which has granted summary judgment should be treated as a Rule 59(e) motion. *United States v. Podolsky*, 158 F.3d 12, 16 (1st Cir.1998); *Vargas v. Gonzalez*, 975 F.2d 916, 917 (1st Cir.1992); *Feinstein v. Moses*, 951 F.2d 16, 19 n. 3 (1st Cir.1991); *Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 24 (1st Cir.1987); *see also Standard Quimica De Venezuela v. Central Hispano*, 189 F.R.D. 202, 204–05 (D.P.R.1999). A party may invoke Rule 59(e) and ask a court to amend its judgment based on newly discovered material evidence or because the court committed a manifest error of law or fact. *Aybar v.*

*Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)); *Nat'l Metal Finishing Co. v. BarclaysAmerican*, 899 F.2d 119, 124 & n. 2 (1st Cir.1990). Additionally, the movant may seek to amend the judgment based on an intervening change in the law. *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90–91 n. 3 (1st Cir.1993); *BarclaysAmerican*, 899 F.2d at 124 n. 2. Rule 59 may not be used to present arguments or evidence which could have and should have been presented before judgment was entered, but were not. *Aybar*, 118 F.3d at 16; *F.D.I.C. v. World University Inc.*, 978 F.2d 10, 16 (1st Cir.1992).

■ In his motion for reconsideration, Gueits offers no new evidence or legal discussions. He merely rehashes the arguments he made in his opposition to the motion for summary judgment. Accordingly, the Court reaffirms its opinion and order of December 12, 2001, and, based on the discussion in that opinion, denies Gueits' motion for reconsideration.

WHEREFORE, the Court **denies** Gueits' two motions for reconsideration (docket nos. 105 and 106).

**IT IS SO ORDERED.**

---

1. Gueits also argues in his motion for reconsideration that Ferdinand's claim should be dismissed for failure to state a claim. *See* Fed.R.Civ.P. 12(b)(6). As discussed above, the deadline for filing dispositive motions has long since passed. Although he may raise this argument at trial, *see* Fed.R.Civ.P. 12(h)(2), it is too late to do so at this stage of the pretrial proceedings.