Militza BERRIOS–BERRIOS,
et al, Plaintiffs,

v.

The COMMONWEALTH OF PUERTO
RICO and Jesus M. Torres, et al.,
Defendants.

No. CIV. 98–2177(JAG).

United States District Court,
D. Puerto Rico.

May 14, 2002.

Manuel Navas–Pavia, Cond. San Rafael, San Juan, PR, for Plaintiffs.

Salvador J. Antonetti–Stutts, Marie L. Cortes–Cortes, Department of Justice of PR Federal Litigation Division, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Presently before the Court is plaintiff Berrios's second motion for reconsideration (Docket No. 247). In her subsequent motion, plaintiff Berrios seeks reconsidera-

tion of this Court's Opinion and Order of April 8, 2002. (Docket No. 244).

Under Fed.R.Civ.P. 59(e), a party may ask the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." *Colón v. Fraticelli*, 181 F.Supp.2d 48, 50 (D.P.R.2002)(*citing Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir.1997)). Rule 59(e), however, is "aimed at *re* consideration, [and] not initial consideration," and thus is not a proper mechanism to advance arguments that should have been presented before judgement was entered, but were not. *See Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc.*, 37 F.3d 25, 29 (1st Cir.1994)(citing *F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10,16 (1st Cir. 1992)); *see also Aybar*, 118 F.3d at 16.

In her motion requesting reconsideration of the denial of her first motion for reconsideration, Berrios alleges that this Court made a manifest error of fact and law, when it found that plaintiff Berrios's first motion for reconsideration was an attempt to bring forth a new legal theory under § 504 of the Rehabilitation Act of 1973, and as such warranted denial. As in her earlier attempt at reconsideration, Berrios now argues that this Court erred by not assuming the existence of a claim under the Rehabilitation Act by the mere existence of a similar ADA claim in the complaint.

A motion for reconsideration "may not be used by [a] losing party [,such as Berrios,] 'to repeat old arguments previously considered and rejected'" by the Court. *Standard Quimica De Venezuela, C.A. v. Central Hispano International, Inc.*, 189 F.R.D. 202, 205 (D.P.R.1999)(citing *National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 124 (1st Cir.1990)). The only thing evident from Berrios's second motion for reconsideration is that what Berrios has characterized as a manifest error of law and fact is merely a point of disagreement between the court and the litigant as to the issue of whether a claim under the Rehabilitation Act was properly plead. *See e.g., Waye v. First Citizen's National Bank*, 846 F.Supp. 310, 314 n. 3 (M.D.Pa. 1994). In view of the aforementioned, plaintiff's Second Motion for Reconsideration (Docket No. 247) is **DENIED**.

Berrios also filed a motion for reconsideration of this Court's Opinion and Order of April 15, 2002, (Docket No. 245), and the Judgment entered as a result of said order. (Docket No. 246). Berrios once again brings forth, by way of a Rule 59(e) motion, a a rehash of the arguments that this Court already considered and rejected. Specifically, this Court concluded that the fact that the ADA provides exclusive remedies for disability discrimination preempts Berrios's similar claims under 42 U.S.C. § 1983. Berrios disagrees with this Court's legal conclusion, but fails to bring forth any legal basis in support of her position. Thus, Berrios motion for reconsideration (Docket No. 245) is **DENIED**.

### CONCLUSION

In view of the aforementioned, plaintiff's Second Motion for Reconsideration (Docket No. 247) is **DENIED**. Berrios's other motion for reconsideration (Docket No. 248) is also **DENIED**. The Judgment entered in this case shall stand.

IT IS SO ORDERED.