RIVERA–GARCIA, et al., Plaintiff(s)

v.

ANA G. MENDEZ UNIV. SYSTEM., et al., Defendant(s).

Civil No. 01–1002 (JAG).

United States District Court,
D. Puerto Rico.

March 8, 2005.

Hector J. Benitez–Arraiza, Zuleika Llovet–Zurinaga, Llovet Zurinaga & Lopez, PSC, Hato Rey, PR, for Plaintiffs.

Jose E. De–La–Cruz–Skerrett, De La Cruz Skerret Law Offices, Old San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Plaintiffs' Motion for Reconsideration (Docket No. 88), which this Court will construe as a motion to alter judgment under Fed. R.Civ.P. 59(e). After considering the arguments, the Court **DENIES.**

## BACKGROUND

On July 30, 2004, the Court entered an Opinion and Order (Docket No. 85) granting Defendants' Motion for Summary Judgment and dismissing Plaintiffs' wrongful discharge, breach of contract, and employment discrimination claims under the American with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq ("ADA") and the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. (Docket No. 86). The Court further dismissed, under Rule 12(b)(6), Plaintiffs' claims against defendants, Alberto Maldonado and Jane Doe in their individual capacity. *Id.*

### A. *Motion for Reconsideration Standard*

■ Pursuant to Fed.R.Civ.P. 59(e), a party may move the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." *Colon v. Fraticelli*, 181 F.Supp.2d 48, 50 (D.P.R. 2002) (*citing Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir.1997)). The First Circuit has established that parties should not use motions under Rule 59(e) to raise arguments which could, and should, have been made before judgment issued. *See Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc.* 37 F.3d 25, 29 (1st Cir.1994) (citing *F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

### B. *Mr. Rivera's Motion*

■ In their Motion to Alter Judgment, Plaintiffs challenge the Court's summary judgment ruling, arguing that it was mistaken and unsupported by the record. Plaintiffs challenge the Court's conclusion that Plaintiff Rivera's impairment does not substantially limit the major life activity of walking.[1] In support of this argument, Mr. Rivera submits a copy of the letter in which he requested specific accommodations from the defendants and also points out certain excerpts of deposition testimony that, if considered, should alter the Court's ruling. However, these excerpts, nor copy of the letter, were ever submitted by the Plaintiffs before the judgment was entered.[2] The depositions at issue were taken during the year 2003, and a careful review of the record reveals that plaintiff had ample opportunity to submit this evidence for the record. For example, on January 21, 2004, plaintiffs filed a response in opposition to defendants' summary judgment (Docket No. 83) specifically arguing the "substantiality" question under the ADA. Unfortunately, Mr. Rivera missed the bus that day, giving up an opportunity to support his contention with

---

**1.** Plaintiffs aver that the determination as to Plaintiff's physical condition is out of the scope of a motion for summary judgment and that such conclusion should have been left for the trier of facts to decide. We reject such contention given that a determination of whether an impairment is substantial is a material question of fact that can

**2.** The Court notes that other portions of the referred depositions were submitted by the defendants in their filings (see Docket No. 81).

evidence that was already available to him.[3]

Although the evidence now submitted seems relevant to the issue of disability, the Court will not turn a blind eye to the fact that Mr. Rivera had prior opportunities to litigate the issue that he now tries to raise through the back door. Accordingly, the Court will not entertain rehashed arguments or review evidence that was previously available and could have been referred for earlier consideration. *See, National Metal Finishing Co. v. BarclaysAmerican/Commercial Inc.,* 899 F.2d 119, 123 (1st Cir.1990)(where the Court established that a motion for reconsideration was not a means for a losing party to rehash arguments previously considered and rejected)

Nevertheless, and for purposes of ensuring procedural fairness, the Court will engage in an assessment of Rivera's disability discrimination claim given that in our prior opinion we summarily adjudged that plaintiff was not "disabled" within the meaning of the ADA; and ended there the inquiry of Mr. Rivera's claims. (See, Docket No. 85 at 13).

## C. *Rivera's ADA claims*

To establish a *prima facie* case of disability discrimination, under the ADA statutory-framework method, Rivera must prove by a preponderance of the evidence: (1) that he is disabled within the meaning of the ADA; (2) that he is able to perform the essential functions of his job, with or without reasonable accommodation; and (3) that the adverse employment decision was based in whole or in part on his disability. *Phelps v. Optima Health Inc.,* 251 F.3d 21, 24 (1st Cir. 2001); *Marcano–Rivera v. Pueblo Int'l.,* 232 F.3d 245, 251 (1st Cir.2000); *Garcia–Ayala v. Lederle Parenterals Inc.,* 212 F.3d 638, 646 (1st Cir.2000). However, absent direct evidence that the defendant harbored a discriminatory animus in taking an employment action, a plaintiff has no option but to rely on the burden-shifting model established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Sanchez v. Western Auto of Puerto Rico,* 68 F.Supp.2d 93, 98 (D.P.R.1999).[4] Once the plaintiff establishes a *prima facie* case of disability discrimination, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell,* 411 U.S. at 802, 93 S.Ct. 1817. However, the employer's burden is merely one of production; the plaintiff retains the burden of persuasion at all times. *Mesnick,* 950 F.2d at 823. As the First Circuit noted in *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1011–12 (1st Cir.1979),

> "the employer's burden to 'articulate' a legitimate, nondiscriminatory reason is not a burden to persuade the trier that he was in fact motivated by that reason and not by a discriminatory one. Rather it is a burden of production i.e., a burden to articulate or state a valid reason, following which the complainant must show that the reason so articulated or stated is a mere pretext or 'cover-up' for what was in truth a discriminatory purpose."

**3.** Plaintiffs now bring a letter requesting reasonable accommodation contending that it had been identified to the Court in their discovery memorandum and produced to the defendants during the initial discovery. The Court, however, understands that Mr. Rivera had the ultimate burden of persuasion and should have submitted the letter when he had the opportunity.

**4.** Here, Plaintiff Rivera lacks direct evidence of discrimination, therefore the Court must assess his claim under the familiar *McDonnell Douglas* method.

If the defendant produces a nondiscriminatory reason, the burden shifts back to the plaintiff to show that the explanation advanced by the defendant is a pretext for discrimination. *Mesnick,* 950 F.2d at 823. Plaintiff must do more than cast doubt on the defendant's justification. *Id.; Lawrence,* 980 F.2d at 69. The First Circuit "has construed Fed.R.Civ.P. 56's requirement that a party opposing a motion for summary judgment demonstrate the existence of at least one *material* factual dispute as mandating that the non-moving party point to evidence which could raise an inference of a discriminatory motive underlying the pretextual explanation." *Lawrence,* 980 F.2d at 69.

Assuming *arguendo* that plaintiff's condition constitutes a disability under the ADA, and that he is able to perform the essential functions of his job, Rivera's claims nevertheless fail at the third prong of his *prima facie* case, because he is unable to establish that his adverse employment action was motivated in whole or in part by his disability. At this third prong, Rivera must proffer sufficient evidence that his employers were motivated by discriminatory animus. *See Benoit v. Technical Mfg. Corp.,* 331 F.3d 166, 176 (1st Cir.2003).

Moreover, even if we assume that Rivera established a *prima facie* case of discrimination, the defendants in this case have produced a non-discriminatory reason for discharging the plaintiff from employment, therefore, satisfying their burden of production and transferring the burden to the Plaintiff to show that the reason so articulated is a mere pretext for what was in truth a discriminatory purpose.

To avoid summary judgment, Rivera must go beyond merely presenting evidence of pretext. Rivera must show that the institution used a pretextual reason to hide discriminatory animus as the real reason for Rivera's termination. *See Laurin v. Providence Hosp.,* 150 F.3d 52, 58 (1st Cir.1998). This stage requires Mr. Rivera to adduce evidence on what is really the ultimate question in this litigation: whether Rivera's termination was a consequence of the sexual harassment complaint or the result of the institution's intent to discriminate on the basis of his disability. See *Conward v. Cambridge School Committee,* 171 F.3d 12, 20 (1st Cir.1999).

There can be no question that Defendant Sistema Universitario Ana G. Mendez ("SUAGM") articulated a legitimate reason for its discharge of Mr. Rivera. The Defendant submitted affidavits from each individual involved in the decision to terminate the Rivera's employment. It is undisputed that Mrs. Ivette Torres filed a sexual harassment complaint within the higher-education institution and that after a thorough investigation, a committee found as true the facts alleged in the complaint. (See Docket No. 49 at Exhs. 7–17).

Before the Court is the sworn statement of Mrs. Sonia Montes Rivera ("Montes"), Executive Assistant of the Vice President of Human Resources of Sistema Universitario Ana G. Mendez. (Docket No. 49 at Exh. 16). In it, Montes gives an account of the investigation pursued after Mrs. Torres filed the sexual harassment complaint against Mr. Rivera. As it appears from the statement, an investigation committee found that Rivera had not only harassed the complainant, but also other colleagues. The committee concluded that Rivera's conduct therefore violated the institution's sexual harassment policy. Evidently, the committee gave full credibility to the testimonies rendered by the complainant and the other witnesses interviewed. The committee, however, declined to interview Mr. Rivera's witnesses considering that the testimonies of the announced witnesses were only to establish

reputation and not relevant to their fact finding investigation.

To tackle the pretext burden, Rivera tries to establish that SUAGM did not follow its own sexual harassment policy guidelines upon deciding not to interview Rivera's announced witnesses who would have testified that he is incapable of sexually harassing anyone. Furthermore, Mr. Rivera contends that the sexual harassment complaint was fabricated by Mrs. Torres in spite of some labor related differences. The plaintiffs, therefore attempt to establish that Mr. Rivera was discharged without proper cause given that the real cause of his termination was his disability and not the sexual harassment incidents. However, these averred facts, even when viewed in the light most favorable to the plaintiffs, do not support an inference that Mr. Rivera's termination was a pretext for discrimination.

## CONCLUSION

Based on the foregoing, the conclusion is inescapable, that, Mr. Rivera has failed not only to establish a *prima facie* case of discrimination, but also to present sufficient evidence that would enable a rational jury to find that his termination for sexual harassment was a pretext for discrimination based on his alleged disability. Accordingly, his motion for reconsideration, construed as a Motion to Amend Judgement under Fed.R.Civ.P. 59(e), is hereby **DENIED.**

IT IS SO ORDERED.