IRIZARRY–LOPEZ, et al., Plaintiff(s)

v.

TORRES–GONZALEZ, et al., Defendant(s).

Civil No. 01–1616 (JAG).

United States District Court, D. Puerto Rico.

March 18, 2005.

Pablo Landrau–Pirazzi, Ivan M. Castro–Ortiz, Eliezer Aldarondo–Ortiz, Claudio Aliff–Ortiz, Aldarondo & Lopez Bras, Hato Rey, PR, for Plaintiffs.

Johanna M. Emmanuelli–Huertas, Pedro Ortiz Alvarez Law Offices, Ponce, PR, Jo–Ann Estades–Boyer, Yvonne M. Menendez–Calero, Commonwealth Department of Justice Federal Litigation Division, Maria L. Santiago–de–Vidal, Department of Justice Federal Litigation Division, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is defendant Elizabeth Ortiz–Oliver's, Motion for Reconsideration.(Docket No. 257).

## PROCEDURAL BACKGROUND

On November 21, 2003, Magistrate–Judge Gustavo A. Gelpi issued a Report and Recommendation recommending that the Court deny defendant Ortiz's Motion for Partial Summary Judgment in her individual capacity (Docket No. 246). Although the motion was deemed unopposed, the Magistrate could not find that defendant Ortiz was entitled to judgment as a matter of law. On March 31, 2004, the Court adopted the report and recommendation finding that neither the record, nor the objections entitled Ortiz to a finding of qualified immunity.

On April 02, 2004, Ortiz filed a Motion for Reconsideration of the Court's March 31, 2004 opinion and order alleging, inter alia, that the Court erred in denying her qualified immunity protection. As of today, this motion for reconsideration stands unopposed.

### Motion for Reconsideration Standard

Pursuant to Fed.R.Civ.P. 59(e), a party may move the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." *Colon v. Fraticelli*, 181 F.Supp.2d 48, 50 (D.P.R. 2002) (*citing Aybar v. Crispin–Reyes*, 118 F.3d 10, 16 (1st Cir.1997)). Rule 59(e), however, is "aimed at reconsideration, [and] not initial consideration," and thus is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not. *See Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc.* 37 F.3d 25, 29 (1st Cir.1994) (*citing F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)); *see also Aybar*, 118 F.3d at 16.

### A. Defendant Ortiz's Motion

In her motion, Ortiz argues that some plaintiffs have informally acquiesced to the dismissal of their claims against her, an act which constitutes a voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1). Ortiz alleges that the Court's denial of summary judgment would force her to face the claims of a number of plaintiffs whom have already advanced their unwillingness to proceed against her. A careful review of the record reveals that Mrs. Ortiz's contention has already been ruled upon. (*See* Docket No. 223). Accordingly, the Court reiterates for the record that all of plaintiff's causes of action against Mrs. Ortiz are dismissed, except for those raised by plaintiffs Lizzette Maldonado Rodriguez, Jose L. Ruiz Rodriguez, Eduardo Colon Oliveras, Helga Torres Berly and Carmen Camacho Santiago.

With respect to the remaining claims against Ortiz, it is further alleged that 1)as matter of law she cannot be held liable under § 1983 and that 2)the Court misapplied the qualified immunity standard when giving consideration to her subjective intent upon ruling that there was a factual controversy as to the existence of a discriminatory animus. The Court accepts Ortiz's invitation for reconsideration in order to clarify the Court's March 31, 2004 *ratio decidendi.*

### 1. Liability pursuant to 42 U.S.C. § 1983

Defendant Ortiz again claims that liability should not be imputed as the person responsible for any discriminatory conduct because as Human Resources Director, she merely drafted and signed plaintiffs' termination letter, conduct which in and of itself do not amount to a First Amendment violation. Ortiz supports this contention

on *Gomez Candelaria v. Rivera Rodriguez,* 344 F.3d 103 (1st Cir.2003). However, this case doe not help Mrs. Ortiz.

In *Gomez,* the Circuit Court found that the Human Resources Director who drafted and signed termination letters was not personally liable because she was not involved in the decision-making process. *Id.* at 121–122. This holding is, however, distinguishable from the case before us. The Circuit Court could not find the Human Resources Director liable because the parties had stipulated that she was only following orders and had no participation in the employment decisions. This does not mean that, as a matter of law, Municipal Human Resources Directors are *never* liable in situations for their employment decisions *Id.*

■ At this juncture, the Court reiterates that a dismissal of plaintiffs' action against Mrs. Ortiz is unwarranted even when it is uncontested that she was no longer working for the Municipality of Villalba at the moment of plaintiffs' dismissal. It is uncontested that Ortiz drafted and signed some of the plaintiffs' transfer and reassignment letters, yet the record is silent on the extent of her involvement in the decision making process. As defendant Ortiz might recall, the motion for summary judgment in her official capacity was denied because of noncompliance with the "anti-ferret" rule. (Docket No. 256 at 5). It is now too late to rehash arguments that could have been properly submitted for the Court's initial consideration. Therefore, Ortiz's claim must again be **DENIED.**

### 2. *Qualified Immunity*

Ortiz further self-servingly restates qualified immunity law as established by the Supreme Court and followed by the First Circuit. The thrust of her argument is based on making daring insinuations that the First Circuit has recently diluted its precedents by misapplying the the the qualified immunity standard with respect to the subjective intent initially abolished by the Supreme Court in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) and its progeny.

■ It is well-settled law that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known." *See Harlow* at 818, 102 S.Ct. 2727. In order to determine whether a public official is entitled to qualified immunity, the Court must determine 1)whether plaintiff's allegations, if true, establish a constitutional violation; 2)whether that right was clearly established at the time of the alleged violation; and 3)whether a similarly situated reasonable official would have understood that the challenged action violated the constitutional right at issue. *Mihos v. Swift,* 358 F.3d 91, 102 (1st Cir.2004).

■ Ever since *Harlow,* the state of mind of the public official is irrelevant to the question of qualified immunity; except for those cases in which an impermissible intent is an essential element of the constitutional violation alleged. *See also Crawford–El v. Britton,* 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (where the Court struck down a heightened pleading requirement for motivation-based constitutional torts). Accordingly, in *Mihos,* a case dealing with a First Amendment retaliation claim, the First Circuit interpreted that *Harlow* and *Crawford–El* did not intend to foreclose, for purposes of a qualified immunity analysis, every inquiry into the defendant's state of mind from every constitutional tort calculus. *Id* at 107 n. 13.

Defendant Ortiz argues that the First Circuit has been inconsistent in its application of the qualified immunity standard by interchangeably giving consideration to the state of mind at the first, second and third prongs of this doctrine. Ortiz misapprehends the pertinent case law. What triggers the inquiry into defendant's state of mind is the *type* of constitutional tort that has been alleged, regardless of the stage at which the probing occurs.

■ This is a political discrimination case, where subjective intent is an essential element of the constitutional tort. In other words, "an employee's First Amendment right to be free from political discrimination is violated when the employer's adverse employment decision is motivated by the employee's political speech. Hence the employer's subjective motive is an essential element of the constitutional violation itself, and cannot be divorced from the qualified immunity inquiry." *See Rivera–Torres v. Ortiz Velez,* 341 F.3d 86, 97 (1st Cir.2003).

Whether and to what extent Ortiz's involvement in the employment decision was motivated by a discriminatory animus remains an issue in this case which the trier of fact, and not the Court, should decide. Accordingly, Ortiz's qualified immunity argument on reconsideration should be denied given the factual underpinnings.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant Ortiz's Motion for Reconsideration. (Docket No. 257)

IT IS SO ORDERED.