**Lionel RAYA–RODRIGUEZ, et al., Plaintiffs**

v.

**SEARS ROEBUCK CO., et al., Defendants.**

**Civil No. 03–1002(SEC).**

United States District Court, D. Puerto Rico.

Sept. 26, 2005.

Julian R. Rivera–Aspinall, Rivera Aspinall, Garriga & Fernandini, San Juan, PR, for Plaintiffs.

Eduardo Castillo–Blanco, Ivan M. Fernandez Law Office, San Juan, PR, Francisco E. Colon–Ramirez, Colon, Colon & Martinez, for Defendants.

## OPINION AND ORDER

CASELLAS, Senior District Judge.

Before the Court is Co-plaintiff Nichole M. Raya–Acevedo's motion for reconsideration of the Court's Opinion and Order granting Defendants' motion to dismiss for lack of subject matter jurisdiction (Docket # 29).[1] Defendants have opposed said motion (Docket # 32). After reviewing our previous Opinion and Order, the case record, and the applicable law, for the reasons set herein, Co-plaintiff Raya–Acevedo's motion will be **GRANTED.**

### Standard of Review

Under F.R.Civ.P. 59(e), a party may ask the court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." *Colon v. Fraticelli,* 181 F.Supp.2d 48, 50 (D.Puerto Rico 2002) (*citing Aybar v. Crispin–Reyes,* 118 F.3d 10, 16 (1st Cir.1997)). As such, Rule 59(e) "is aimed at reconsideration,

---

1. Plaintiffs' motion states both **in bold and underlined** that they seek reconsideration of the Court's dismissal of Co-plaintiff Raya– Acevedo's claims only. Thus, we will limit our discussion to said Co-plaintiff's claims.

[and] not initial consideration, and thus is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not." *Berrios–Berrios v. Puerto Rico,* 205 F.Supp.2d 1, 2 (D.P.R.2002)(*citing Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir.1994)) (*citing F.D.I.C. v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992)(internal quotations omitted)). Furthermore, "a motion for reconsideration may not be used by [a] losing party ... to repeat old arguments previously considered and rejected by the Court." *Id.* (*citing Standard Quimica De Venezuela, C.A. v. Central Hispano Int'l, Inc.,* 189 F.R.D. 202, 205 (D.P.R.1999)) (*citing Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.,* 899 F.2d 119, 124 (1st Cir.1990) (internal quotations omitted)).

## Applicable Law and Analysis

In her motion for reconsideration, Co-plaintiff Raya–Acevedo raises three (3) arguments in favor of her request for reconsideration of the Court's Opinion dismissing all of her claims for failure to meet the jurisdictional amount: (1) the Court failed to consider that Co-plaintiff Raya–Acevedo suffered a permanent injury as a result of the accident, a permanent scar; (2) there is new evidence which shows that Co-plaintiff Raya–Acevedo's arm "disengages" and causes her pain to this date; and (3) new evidence also shows that Co-plaintiff Raya–Acevedo has suffered, and continues to suffer, emotional pain as a result of the accident, to wit, low self-esteem and embarrassment due to the scar (Docket # 29). In support of the last two arguments, Co-plaintiff Raya–Acevedo has introduced excerpts of depositions taken after the filing of her opposition to Defendants' motion to dismiss which evidence her allegations of continued physical and emotional suffering (Docket # 29, Ex. 2). Although the Court notes that Co-plaintiff Raya–Acevedo should have sought leave to supplement her opposition to Defendants' motion to dismiss with this new found evidence at the time in which these depositions were taken, on June 10, 2004, and before the Court issued its Opinion and Order on September 17, 2004, drawing all inferences in favor of Co-plaintiff Raya–Acevedo and in an abundance of caution, we will reconsider our previous ruling and re-open Co-plaintiff Raya–Acevedo' case. We explain.

In its Opinion and Order the Court specifically stated that, as pled, no physical and emotional damages in this case would be enough to sustain an award of $75,000 (Docket # 27 at p. 5–6). The Court based its conclusion, for the most part, on the fact that Co-plaintiff Raya–Acevedo had not pled the necessity of continuing medical treatment, the existence of a permanent damage nor continuing emotional suffering. However, it appears that with this new found evidence, the landscape has changed as there is now some evidence that Co-plaintiff Raya–Acevedo continues to suffer physical and emotional pain as a result of her accident.

Our ruling today is partly the result of a more careful review of the First Circuit Court of Appeals' most recent expressions on the issue of the jurisdictional amount requirement in diversity cases. It is worth noting that this review was motivated, in part, by the U.S. Supreme Court's ruling in *Exxon Mobil Corp. v. Allapattah Servs., Inc.* —— U.S. ——, ——, 125 S.Ct. 2611, 2625, 162 L.Ed.2d 502 (2005)(reversing the First Circuit Court and holding that as long as one party in a diversity jurisdiction action alleges a sufficient amount in controversy to meet the jurisdictional requirement, the court may exert its jurisdiction over all other parties in the case even when these parties' own allegations are

insufficient to meet the jurisdictional amount-in-controversy requirement).

In *Stewart v. Tupperware Corp.*, the First Circuit Court held that a couple who suffered an accident in Puerto Rico which resulted in minor permanent incapacities and some emotional trauma could each potentially recover more than the jurisdictional amount of $75,000. 356 F.3d 335 (1st Cir.2004). In so doing, the First Circuit heavily considered the "mental anguish" suffered by said plaintiffs and expressed that "[t]he fact that no prior plaintiff has recovered the jurisdictional amount for a certain injury does not indicate, to a legal certainty, that the plaintiff could not recover that amount." *Id.* at 339–40. Then, only a few months later, the First Circuit decided the case of *Rosario-Ortega v. Star–Kist Foods, Inc.* 370 F.3d 124, 129 (1st Cir.2004). In that occasion, the First Circuit held that it could not be said to a legal certainty that a girl who cut her finger with a can of tuna could not recover a jury award larger than $75,000. *Id.* at 129. The factors considered by the First Circuit to reach said conclusion were the following: the girl had required surgery, had to attend physical therapy, wore a cast for eight months, had a permanent small scar on her finger, which remained slightly bent, and was diagnosed with a 3% permanent impairment. *Id.* Again, the Court considered the "claimed pain and suffering" in its analysis. *Id.*

█ We see some similarities between Co-plaintiff Raya–Acevedo's current allegations and the plaintiffs in the two cases discussed above, which, at this juncture, preclude dismissal of her claims. Co-plaintiff Raya–Acevedo's wrist required surgery, she had to undergo physical therapy, wore a cast, and continues to have a visually-significant scar. Although Co-plaintiff Raya–Acevedo has not alleged a diagnosis of permanent disability, she has alleged that her physical pain continues and that she has suffered and continues to suffer emotional stress and embarrassment due to the scar on her wrist. Thus, according to the case law discussed above and Co-plaintiff Raya–Acevedo's newly introduced testimony it does not appear to a **legal certainty** that Co-plaintiff Raya–Acevedo could not recover more than $75,000 from a jury, should this case go to trial.

## Conclusion

For the reasons set forth herein, Co-plaintiff Raya–Acevedo's motion for reconsideration is **GRANTED**. Co-plaintiff Raya–Acevedo's claims will be reinstated and a Case Management Order will be issued shortly.

**SO ORDERED.**