Alicia RODRIGUEZ–NARVAEZ,
Plaintiffs

v.

Miguel PEREIRA, et al., Defendants.

Civil No. 04–1939 (FAB).

United States District Court,
D. Puerto Rico.

Sept. 12, 2007.

Order Denying Motion to Amend
Oct. 26, 2007.

Francisco R. Gonzalez–Colon, Francisco J. Gonzalez–Magaz, F.R. Gonzalez Law Office, San Juan, PR, for Plaintiff.

Anabelle Quinones–Rodriguez, Department of Justice, San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

On September 9, 2004, plaintiff Alicia Rodriguez–Narvaez ("Rodriguez–Narvaez"), filed this complaint against Miguel Pereira ("Pereira"), in his personal and official capacity as Secretary of the Administration of Corrections ("AOC"), and Rafael D. Santiago ("Santiago")(collectively "defendants"), in his personal and official capacity as Deputy Secretary of the AOC, alleging political discrimination pursuant to 42 U.S.C. § 1983, as well as supplemental state law claims (Docket No. 1). On October 16, 2006, defendants moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), arguing that plaintiff failed to state a claim under Puerto Rico's Law 100 (Docket No. 28). On October 19, 2006, plaintiff opposed the motion (Docket No. 31). On February 12, 2007, defendants moved for summary judgment, arguing that plaintiff failed to establish a cause

of action under section 1983 (Docket Nos. 52–53). On March 16, 2007, plaintiff opposed the motion (Docket No. 71). For the reasons discussed below, the Court **GRANTS in part and DENIES in part** defendants' motion for judgment on the pleadings and **GRANTS in part and DENIES in part** defendants' motion for summary judgment.

## FACTUAL BACKGROUND

Plaintiff is a member of the New Progressive Party ("NPP"). Defendants are members of the opposing Popular Democratic Party ("PDP"). Plaintiff started working for the AOC in 1999. On December 16, 1999, she was appointed to a trust position within AOC by then Secretary Zoe Laboy. On September 7, 2000, plaintiff was reinstated to a career position as Executive Officer of Administration. On July 12, 2001, a letter was sent to plaintiff stating that her appointment to the position of Executive Officer for Administration had not been done in accordance with the Personnel Act or the AOC's recruitment procedures and that she would be reclassified to a position of Administrative Aide III. Plaintiff appealed the decision to JASAP.

While her appeal was still pending, in August 2004, plaintiff competed for a promotion to the position of Executive Officer of Administration. Santiago interviewed plaintiff for the position, however, Carlos Caballero ("Caballero") was eventually chosen to fill the position. Caballero is retired from the military and is a member of the PDP. Plaintiff did not appeal from this determination.

On September 27, 2005, JASAP rendered a decision on plaintiff's appeal regarding her reclassification. JASAP ordered her reinstatement to the position of Executive Officer for Administration. On November 16, 2005, plaintiff was reinstated to the position and awarded back pay from July 15, 2001 through November 30, 2005. Plaintiff continued in that position until November 30, 2006, when she retired after thirty years of government service.

## DISCUSSION

### A. Judgment on the Pleadings Standard

Motions under Fed.R.Civ.P. 12(c) "should be evaluated under the familiar standard applicable to a Rule 12(b)(6) motion to dismiss." *Fotos v. Internet Commerce Express, Inc.*, 154 F.Supp.2d 212, 213 (D.N.H.2001); *Canty v. Old Rochester Regional School District*, 54 F.Supp.2d 66, 68 (D.Mass.1999). The Court's inquiry is limited and should focus not on whether the plaintiff will ultimately prevail but rather whether he should be entitled to offer evidence to support a claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A motion for judgment on the pleadings should only be granted if "it clearly appears according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank*, 958 F.2d 15, 17 (1st Cir.1992); *see also Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995).

### B. Summary Judgment Standard

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also Santiago–Ramos*

*v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52 (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.,* 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to re-

but the motion." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

## C. *Defendants' Motion for Judgment on the Pleadings*

The only argument defendants raise in their motion is that the Court should dismiss plaintiff's claims under Law 100 insofar as it specifically excludes from coverage an agency which is an arm of the state, such as the AOC. They further argue that because the AOC is exempted, the defendants in their individual capacities are also exempted as they are employees of an arm of the state.

Law 100 seeks to prevent discrimination in the workplace by reason of age, race, color, religion, sex, social or national origin, social condition, political affiliation or political or religious ideas. *See* P.R. Laws Ann. tit. 29 § 146. Its definition of employer specifically excludes government agencies from coverage expect if they "operat[e] as private business or enterprises." P.R. Laws Ann. tit. 29 § 151(2). Because the AOC is considered an arm of the state, *see, e.g., Padilla Cintron v. Rossello Gonzalez,* 247 F.Supp.2d 48, 56–59 (D.P.R. 2003), any claims against it or the defendants in their official capacities must be dismissed.

Law 100 does not, however, exclude the defendants in their individual

capacities. The Supreme Court of Puerto Rico has expressly considered the question of supervisor liability under Law 100. Specifically, in *Rosario Toledo v. Distribuidora Kikuet,* 151 D.P.R. 634 (2000), the Court held that, contrary to the majority interpretation of Title VII, Puerto Rico's law against discrimination in the workplace, Law 100, does provide for the imposition of supervisor liability on the president of a corporation when he is the supervisor of the plaintiff, and is personally responsible for causing the plaintiff's injury. The Court later extended its decision to include, not only the actual employer or the owner and the president of the corporation, but also any other person responsible for the illegal conduct, without distinction. *See Rosario Toledo v. Distribuidora Kikuet, Inc.,* 153 D.P.R. 125 (2000); *See also Pacheco Bonilla v. Tooling & Stamping, Inc.,* 281 F.Supp.2d 336 (D.P.R.2003). This ruling was not limited, as defendants argue, to supervisors working for covered entities. It applies to any supervisor responsible for an act of discrimination. Moreover, in a recent opinion, this Court has already found that government defendants can be liable under law 100 in their individual capacities. *See Vega Marrero v. Consorcio Dorado-Manati,* Civil No. 05-2354(FAB), pp. 25-28, 552 F.Supp.2d 157, 170-72, 2007 WL 5173968 (D.P.R. February 5, 2007).

Accordingly, plaintiff's Law 100 claims are hereby dismissed against defendants in their official capacities, but remain against defendants in their individual capacities.

### D. *Defendants' Motion for Summary Judgment*

#### 1. *Section 1983 Claims*

■■■■ "Section 1983 affords redress against a person who, under color of state law, deprives another person of any federal constitutional or statutory right."

*Omni Behavioral Health v. Miller,* 285 F.3d 646, 650-51 (8th Cir.2002); *see also Cruz-Erazo v. Rivera-Montanez,* 212 F.3d 617, 621 (1st Cir.2000). It is well settled that in order for a claim to be cognizable under section 1983, plaintiff must plead and prove three elements: (1) that the defendants acted under color of state law; (2) that plaintiff was deprived of federally protected rights, privileges, or immunities; and (3) that the defendants' alleged conduct was causally connected to the plaintiff's deprivation, *Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 558 (1st Cir. 1989). Hence, to succeed in a section 1983 action, plaintiffs must prove that defendants actions were a cause in fact or a proximate cause of their injury. *See Collins v. City Harker Heights,* 503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).

#### a. *Political Discrimination Claims*

■■■■ It is well established that political patronage restrains core activities protected by the First Amendment, such as freedom of belief and association. *Padilla-Garcia v. Rodriguez,* 212 F.3d 69, 74 (1st Cir.2000); *Berrios-Cintron v. Cordero,* 976 F.Supp. 110, 113 (D.P.R.1997). "The Supreme Court has held that the first amendment protects non-policy makers from being drummed out of public service on the basis of their political affiliation or advocacy of ideas." *Correa-Martinez v. Arrillaga-Belendez,* 903 F.2d 49, 56 (1st Cir.1990) (*citing Branti v. Finkel,* 445 U.S. 507, 517, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980)); *Padilla-Garcia,* 212 F.3d at 74; *see also Rutan v. Republican Party of Illinois,* 497 U.S. 62, 75-76, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). A two part burden shifting framework is used to evaluate claims of political discrimination. *See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct.

568, 50 L.Ed.2d 471 (1977); *see also Padilla–Garcia*, 212 F.3d at 74.

 To establish a *prima facie* case of political discrimination, a plaintiff must produce sufficient direct or circumstantial evidence to raise the inference that his political affiliation was a substantial or motivating factor behind the challenged adverse employment action. *Padilla–Garcia*, 212 F.3d at 74; *Acevedo–Diaz v. Aponte*, 1 F.3d 62, 66 (1st Cir.1993); *Rivera–Cotto v. Rivera*, 38 F.3d 611, 614 (1st Cir.1994).

Defendants argue that plaintiff cannot establish a *prima facie* case of political discrimination because they claim she did not suffer an adverse employment action. Defendants argue that while she may have a right to continued employment in a career position, the plaintiff does not have a right to be promoted to a competitive position.

 It is well-settled, however, that if a career employee is denied a promotion based on an improper consideration, such as political affiliation, it constitutes an adverse employment action. *Rutan*, 497 U.S. at 75, 110 S.Ct. 2729 ("We therefore determine that promotions, transfers, and recalls after layoffs based on political affiliation or support are an impermissible infringement on the First Amendment rights of public employees."). Thus, if the plaintiff can proffer sufficient evidence that her political affiliation was a factor for the denial of her promotion, then she can establish that she suffered an adverse employment action and that it was due to her political affiliation. The fact that the plaintiff was later given the promotion does not render her claim moot because if she was denied the promotion due to her political affiliation, she suffered a violation of her constitutional rights, any future events notwithstanding.

 To establish her *prima facie* case, plaintiff proffers evidence that it was well-known inside the AOC that she belonged to the NPP and that the administration was affiliated with the PDP. She also proffers that she was better qualified for the position, having previously held and performed the duties of the position, than Caballero, the person selected for it, and that Caballero was an active member of the PDP. Although "merely juxtaposing a protected characteristic—someone else's politics—with the fact that plaintiff was treated unfairly is not enough to state a constitutional claim," *Correa–Martinez*, 903 F.2d at 58, in this case the Court finds that the fact that Rodriguez previously held the position she was applying for and that Caballero had not, along with the fact of their opposing political affiliations, raises a sufficient inference that her political affiliation might have been the reason she was not selected for the position. Thus, plaintiff has met her *prima facie* burden.

 The burden then shifts to the defendant, who must establish by a preponderance of the evidence, that he would have taken the same action regardless of the plaintiff's political beliefs. *Padilla–Garcia*, 212 F.3d at 74. In addition to articulating a nondiscriminatory ground for the adverse employment action, the defendant bears the burden of proving that the he would have taken the adverse employment action regardless of plaintiff's political affiliation. *Acevedo–Diaz*, 1 F.3d at 66. "Either this 'but for' causation test, or the defendant employer's *Mt. Healthy* defense ensures that a plaintiff-employee who would have been dismissed in any event on legitimate grounds is not placed in a better position merely by virtue of the exercise of a constitutional right irrelevant to the adverse employment action." *Id.*; *LaRou v. Ridlon*, 98 F.3d 659, 661 (1st Cir.1996). Summary judgment is only

warranted if "defendants evidentiary proffer compelled the finding that political discrimination did not constitute a 'but for' cause for the demotion." *Acosta–Orozco v. Rodriguez–de–Rivera*, 132 F.3d 97, 103 (1st Cir.1997) (*citing Jirau–Bernal v. Agrait*, 37 F.3d 1, 4 (1st Cir.1994)). The defendant must show that the allegedly bona fide reasons for the adverse employment actions were sufficient by themselves to justify the decision. *Acosta–Orozco*, 132 F.3d at 103.

Defendants argue that plaintiff's political affiliation was not a factor considered during the selection process. They claim plaintiff's political affiliation is not included within her personnel file and, thus, Santiago, who conducted the selection process, was unaware of it when making his decision. That political affiliation is not included in plaintiff's file, however, does not necessarily mean that Santiago did not know of it.

 Santiago proffers evidence that he did not know of plaintiff's political affiliation when he made his decision. Yet this is contradicted by plaintiff's proffer that her affiliation was well known within the AOC and to those close to Santiago. Because the evidence is contradictory, whether Santiago knew or not presents a question of credibility which can only be answered by a jury. Accordingly, the Court must deny defendants' motion as to this claim because material issues of fact prevent it from rendering a decision.

### b. *Equal Protection Claims*

 Defendants argue, and plaintiff did not oppose the argument, that plaintiff's equal protection claim should be dismissed as it contains the same allegations as her political discrimination claims. It is well-settled that when a plaintiff's "equal protection claim parallels his First Amendment claim, there exists 'little justification for applying equal protection analysis....' " *Davila Aleman v. Feliciano Melecio*, 992 F.Supp. 91, 102 (D.P.R.1997) (*quoting Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 45 (1st Cir.1992)); *see also Gutierrez v. Molina*, 447 F.Supp.2d 168, 176 (D.P.R.2006).

Accordingly, the Court need not discuss the equal protection claim and will dismiss the claim.

### 2. *Qualified Immunity*

 "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The First Circuit Court of Appeals employs a three-part test when determining if a public official is entitled to qualified immunity: "(1) whether plaintiff's allegations, if true, establish a constitutional violation; (2) whether that right was clearly established at the time of the alleged violation; and (3) whether a similarly situated reasonable official would have understood that the challenged action violated the constitutional right at issue." *Mihos v. Swift*, 358 F.3d 91, 102 (1st Cir.2004) (*citing Suboh v. District Attorney's Office of Suffolk Dist.*, 298 F.3d 81, 90 (1st Cir.2002); *Harlow*, 457 U.S. at 818–819, 102 S.Ct. 2727).

At the first prong, if plaintiff's allegations are true and her political affiliation was a factor in the decision not to promote her, then a constitutional violation has been established.

 At the second prong, "[a] right is 'clearly established' if, at the time of the alleged violation, '[t]he contours of the right [are] sufficiently clear that a reason-

able official would understand that what he is doing violates that right.'" *Brown,* 68 F.3d at 531 (*quoting Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). There is no question that her right to be considered for the promotion irrespective of her political affiliation was clearly established at the time of the decision not to promote her.

At the third and final prong, "the relevant question is whether a reasonable official could have believed his actions were lawful in light of clearly established law and the information the official possessed at the time of his allegedly unlawful conduct." *Singer v. Maine,* 49 F.3d 837, 844 (1st Cir.1995) (citations omitted). "This objectively reasonable inquiry is highly fact specific ... and in the context of qualified immunity, summary judgment is precluded when disputed material facts make pre-trial solution impossible." *Tejada Batista v. Fuentes Agostini,* 247 F.Supp.2d 73, 76 (D.P.R.2003) (*citing Swain v. Spinney,* 117 F.3d 1, 9–10 (1st Cir.1997); *Kelley v. LaForce,* 288 F.3d 1, 7 (1st Cir.2002)).

Given the abundance of caselaw dealing with political discrimination in this district, no reasonable official could believe that using a career employee's political affiliation as the basis for an employment decision. Thus, if this in fact was the case here, defendants are not entitled to qualified immunity. Because there are issues of material fact that preclude it from reaching a determination, however, the Court must deny defendants' request of qualified immunity at this time.

### 3. *Supplemental State Law Claims*

Because federal claims still remain in the case, the Court will not dismiss the supplemental state law claims at this time, except as otherwise ordered above.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** defendants' motion for judgment on the pleadings. Plaintiff's Law 100 claims against the defendants in their official capacities are dismissed. Furthermore, the Court **GRANTS in part and DENIES in part** defendants' motion for summary judgment. Plaintiff's equal protection claims are hereby dismissed.

IT IS SO ORDERED.

## MEMORANDUM AND ORDER

Defendant's Rule 59(e) motion to alter or amend the Opinion and Order of September 12, 2007 (Docket No. 86) is hereby **DENIED.**

Pursuant to Rule 59(e), a party may move the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." *Colon v. Fraticelli,* 181 F.Supp.2d 48, 50 (D.P.R. 2002) (*citing Aybar v. Crispin–Reyes,* 118 F.3d 10, 16 (1st Cir.1997)). Rule 59(e), however, is "aimed at *re* consideration, [and] not initial consideration," and thus is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not. *See Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir.1994) (citing *F.D.I.C. v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992)); *see also Aybar,* 118 F.3d at 16.

Defendants raise three arguments in their motion: (1) that Law 100 does not provide for the personal liability of officials of the Commonwealth of Puerto Rico; (2) that under section 1983, the plaintiff failed to show that there is a causal connection between defendants' conduct, as manifested in an adverse employment decision, and

the plaintiff's political affiliation; and (3) that plaintiff's section 1983 claim for politically motivated discrimination is moot. With one additional wrinkle, defendants' first and second arguments rehash arguments raised in their motion for summary judgment and their partial motion for judgment on the pleadings.[1] Because the defendants did not offer new evidence, point to an intervening change of law, or highlight a manifest error of law or fact in the Court's September 12, 2007 opinion, these arguments are rejected.

■ The defendants' third argument, that the remaining federal claim is moot, has been raised for the first time. Normally, a Rule 59(e) motion may not be used to raise a novel legal argument. *See, e.g., Surillo,* 37 F.3d at 29. Nonetheless, in arguing that the remaining federal claim is moot, defendants have raised an issue that the Court must address because it implicates the Court's authority to hear the pending case. *Cf.,* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n. 23, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("It is the duty of counsel to bring to the federal tribunal's attention, 'without delay,' facts that may raise a question of mootness."); *St. Paul Fire & Marine Ins. Co. v. Barry,* 438 U.S. 531, 537, 98 S.Ct. 2923, 57 L.Ed.2d 932 (1978) (addressing mootness although it had not been raised by the parties because it implicates the Court's jurisdiction).

■ Defendants note that the plaintiff filed her claim seeking redress after defendants denied her a promotion to the position of Executive Officer for Administration following a competitive process. (Mot. For Recon. at 10.) Defendants then indicate that in 2005 plaintiff was reclassified as an Executive Officer for Administration following the issuance of a resolution from a state commission. (*Id.* at 11.) Defendants also state that plaintiff was awarded back pay for the position from July 15, 2001 until November 30, 2005. (*Id.*) Plaintiff then continued in that position until her retirement. (*Id.*) To paraphrase, defendants argue that plaintiff's claim for political discrimination under section 1983 is moot because plaintiff has already been awarded the position that she had been denied and because she received compensation in the form of back pay beginning prior to the date of the alleged rights violation.

Had plaintiff only requested injunctive relief and compensatory damages limited to back pay, then there may have been a

1. As part of their argument that plaintiff failed to make the required showing under section 1983, defendants argue (for the first time) that plaintiff relied upon inadmissible hearsay evidence. (Mot. For Recon. 13–14.) This argument is unavailing for several reasons. First, the only statement specifically referred to by the defendants as hearsay, Caballero's "aja" response to a question posed by the plaintiff, was not the sole basis for the Court stating that the plaintiff proffered evidence that Santiago knew of her political affiliation. Rather, as the Court noted in its September 12, 2007 Order, plaintiff proffered evidence that her affiliation·was well known within the AOC and to those close to Santia-go. (Sept. 12, 2007 Order 12.) Thus, even if the alleged hearsay statement were excluded, there would still be other evidence proffered by the plaintiff indicating that Santiago was aware of the plaintiff's political affiliation, leaving a credibility question to be answered by the jury. Second, the challenged "aja" statement may be construed as the admission of an agent of the defendants, during the existence of the agency relationship and concerning a matter within the scope of the agency. Fed.R.Evid. 801(d)(2)(D). Third, the hearsay argument could have been raised prior to the Rule 59(e) motion, and therefore it is inappropriate to raise it now.

firm foundation for defendants' mootness argument. But, plaintiff also requested punitive damages and compensatory damages that go beyond back pay to include compensation for reputational harm, as well as for mental and emotional suffering. (Compl. at 3, 8, 10.) On the record before the Court, these forms of relief were not already provided to the plaintiff. Thus, it is still possible for the plaintiff to receive a remedy from this Court for the alleged violation of her constitutionally protected first and fourteenth amendment rights. Accordingly, her claim of politically motivated discrimination is not moot. *See Loss v. Blankenship,* 673 F.2d 942, 951 n. 11 (7th Cir.1982) ("Because we cannot say that the plaintiffs will be precluded from further relief, we reject Blankenship's assertion that the entire complaint is moot in light of the relief granted by the National Labor Relations Board."); *Dickerson v. U.S. Steel Corp.,* 64 F.R.D. 351, 360 (E.D.Pa.1974) (consent decree entered into by defendants in settlement of a suit brought by the government alleging racially discriminatory practices did not moot a private action also alleging racially discriminatory practices where the consent decree did not "preclude additional-or even inconsistent-relief in favor of private parties in other litigation.").

**IT IS SO ORDERED.**