**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2466

_____

JIMI ROSE,
　　　　　　　　Appellant

v.

NORMAN BAEHR; MARK AKINS, OWNER OPERATION OF AKINS AUTO
SALES, INC.; BARBARA AKINS; COLEBROOKDALE TOWNSHIP; PAUL LABE,
INSPECTION SUPERVISOR FOR COLEBROOKDALE TOWNSHIP;
LTL CONSULTANTS; AKINS AUTO SALES, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-19-cv-00346)
District Judge:  Honorable Jeffrey L. Schmehl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 21, 2019

Before:  AMBRO, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed:  October 30, 2019)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

## I.

In January 2019, Jimi Rose filed a pro se complaint in the United States District Court for the Eastern District of Pennsylvania. Rose alleged that he had been injured on or near the premises of Akins Auto Sales in Bechtelsville, Pennsylvania. He sought to hold Akins Auto Sales and its owners, Norman Baehr and Mark Atkins, liable for his injuries. He also claimed that Colebrookdale Township and one of its subcontractors, LTL Consultants, were liable for failing to inspect the property.

The District Court determined that it lacked subject-matter jurisdiction under 28 U.S.C. § 1331 and dismissed the amended complaint as frivolous pursuant to § 1915(e)(2)(B)(i), or, in the alternative, for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).[1] Rose then filed a series of unsuccessful motions essentially seeking reconsideration of the District Court's order dismissing his complaint. On June 24, 2019, Rose filed a notice of appeal seeking review of all of the District Court's orders.

## II.

---

[1] The District Court determined that the amended complaint was also subject to dismissal under the Colorado River doctrine because Rose was pursuing an identical lawsuit in the Court of Common Pleas of Berks County. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817-18 (1976). We need not, and do not, reach that ground here. See Nationwide Mut. Fire Ins. Co. v. George Hamilton, Inc., 571 F.3d 299, 307-08 (3d Cir. 2009).

2

We have jurisdiction under 28 U.S.C. § 1291. We first address the scope of our jurisdiction. Pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case in which the United States is not a party must be filed within 30 days of the entry of the order appealed. The time limits in Rule 4(a)(1) are mandatory and jurisdictional. See Bowles v. Russell, 551 U.S. 205, 214 (2007). If a motion for reconsideration is filed within 28 days of the underlying order, the time to file an appeal runs from the entry of the order disposing of the motion for reconsideration. See Fed. R. App. P. 4(a)(4)(A)(v) and (vi).

The District Court dismissed Rose's amended complaint by opinion and order entered March 27, 2019. Rose filed his first, timely motion seeking reconsideration of that ruling on April 11, 2019. The District Court denied relief the following day, on April 12, 2019. As discussed above, Rose then had 30 days to file a notice of appeal. He did not, however, do so until June 24, 2019. Therefore, we lack jurisdiction to review the District Court's March 27, 2019, and April 12, 2019 orders. Furthermore, none of Rose's subsequent motions for reconsideration "tolls" the running of the appeal period so that we may review the underlying order dismissing the amended complaint. See Turner v. Evans, 726 F.2d 112, 114 (3d Cir. 1984) (explaining that sequential motions for reconsideration do not postpone the time to appeal); Aybar v. Crispin-Reyes, 118 F.3d 10, 14 (1st Cir. 1997) (holding that a second motion for reconsideration that was not filed within [28] days of the initial judgment does not toll the time to appeal from the initial

3

judgment). That said, we may review the District Court's two most recent orders denying Rose's requests for reconsideration—those entered June 4, 2019, and June 19, 2019—as Rose filed his June 24, 2019 notice of appeal within 30 days of entry of those orders. We review the District Court's orders for abuse of discretion. See Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

### III.

In his May 31, 2019 motion, Rose stated that the District Court, in its opinion dismissing the amended complaint, failed to recognize that he had removed his initial claims against Norman Baehr from his second amended complaint. Rose argued that it was "unfair for the [District] Court to mischaracterize the title of the Lawsuit and who that Lawsuit is against." Mot., ECF 17. According to Rose, the District Court's order "pursuant to the Caption is an invalid Court Order." Id. The District Court denied the motion on June 4, 2018. The court explained that, contrary to Rose's contention, it was fully aware of the changes he made in the subsequent iterations of his pleading. With respect to Rose's objection to the case caption, the court explained that captions are not typically revised following changes made to the initial pleading.

In the June 17, 2019 motion, Rose stated that he was challenging the District Court's June 4, 2019 order, but he essentially challenged an earlier order—the District Court's May 7, 2019 order striking his second amended complaint because he failed to seek leave of court to file it. See Fed. R. Civ. P. 15(a)(2). Specifically, Rose complained

4

that the District Court should have advised him of Rule 15(a)(2) before striking it. The District Court denied relief on the ground that it had already considered Rose's argument and saw no reason to reconsider its prior rulings.[2]

For substantially the reasons given by the District Court, we conclude that the District Court acted within its discretion in denying Rose's May 31, 2019, and June 17, 2019 motions. As the District Court explained, Rose failed to demonstrate in either motion that he was entitled to relief. In particular, we agree with the District Court that it was not required to amend the case caption, and that, in any event, Rose failed to explain how the District Court harmed him in its handling of the Behr claim. We also agree with the District Court that nothing in Rule 15, or any other authority, directs the District Court to provide advance notice of the requirements of Rule 15(a)(2). To the extent that Rose believes that he was unfairly denied a right to pursue his claim against Colebrookdale Township, we note that the District Court addressed this claim in its opinion in support of its order dismissing the amended complaint; as explained above, we do not have appellate jurisdiction over the March 27, 2019 opinion and order.

IV.

For the foregoing reasons, we will affirm.

---

[2] In its June 19, 2019 order, the District Court also placed Rose on notice that he would be enjoined from filing any further motions in this case unless he could show cause why such injunctive relief should not issue. Rose does not challenge this aspect of the District Court's order.